WILLIAM EDWARD HOOD *v.* STATE OF INDIANA.

[No. 3-873A98. Filed July 8, 1974.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

STATON, J.—William Edward Hood was tried by jury and found guilty of attempted robbery while armed.[1] He was sentenced to a term of not less than ten years. The sole issue presented for review by this Court is whether there is sufficient evidence to sustain William Hood's conviction. Our opinion below concludes that the evidence was sufficient to sustain the conviction, and we affirm.

When sufficiency of the evidence is raised on appeal, this Court will not weigh the evidence or determine the credibility of the witnesses. We will consider only that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656; *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109.

The facts of this case viewed most favorably to the State are as follows. On April 23, 1969 at about 12:30 o'clock A.M., Hood entered Nemeth's Tap and Lounge in East Chicago, Indiana, with a shotgun in his hand. Upon observing the shotgun, Mr. Nemeth, the owner of the lounge, pressed an

---

1. IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns 1973 Supp.)

alarm button which alerted the police. Hood leveled the shotgun and said, "This is a stickup." He then said, "Give me the money out of the register," and he threw a bag across the bar. The owner of the bar was then instructed to empty the wallets of three customers. While the owner was carrying out this instruction, he noticed a policeman looking in the window of the front door. At this time, Hood set the shotgun down beside the jukebox and ordered the owner to put three beers on the bar as if nothing had happened. Hood added: "I got a pistol in my pocket." The owner, upon seeing the police enter the bar, pointed at Hood and said, "That's the man." Hood was positively identified at trial by the owner and one of the customers as the person who attempted the robbery.

Hood does not contest that he committed the alleged act. He does contend, however, that he lacked the criminal intent necessary to be proven guilty beyond a reasonable doubt of the offense of attempted robbery while armed. He argues that he sufficiently proved by his testimony that he was forced to commit the offense in question because of threats made by two men upon the life of his fiancee after both he and his fiancee were allegedly abducted by two men at gunpoint. Hood testified that he was on parole at the time of the attempted robbery at issue and that he reported the alleged abduction to his federal parole officer.

Coercion or duress is a defense to prosecution for a criminal act. The Supreme Court of Indiana stated in *Ross* v. *State* (1907), 169 Ind. 388, 390, 82 N.E. 781:

> ". . . '[As to] the necessity or compulsion which [excuses] a criminal act, [it] must be clear and conclusive, and must arise without the negligence or fault of the person who insists upon it as a defense. The alternative presented must be instant and imminent, and there must be, if not a physical, at least a moral, necessity for the act. . . . If a person is compelled to commit a crime by threats of violence sufficient to induce a well-grounded apprehension of death or serious bodily harm, in case of refusal, this excuses him'. . . ."

It has long been recognized that credibility of a witness is within the exclusive province of the trier of fact. The importance of allowing the trier of fact to judge the credibility of the witnesses has been described by our Indiana Supreme Court as follows:

". . . In considering the weight of testimony by this court, it must be remembered that such evidence comes before us merely in written words; while the court and jury trying the cause have it from the living voice, with whatever peculiar accent, emphasis, or intonation it may have; and that they see the witness, his countenance, looks, expression of face, manner, readiness, or reluctance, and the many nameless indices of truth or falsehood, which it is impossible to put in words. A statement of facts in words, though testified to by different witnesses, of various degrees of credibility, comes to us with the same weight, while to the court and jury their weight would be, in some instances, the full import of the words, and in others scarcely worth consideration. Hence it is that the credibility of a witness is a question solely for the jury, they being the triors [triers] of fact; and the presumption in this court must be that they understood their duty, and performed it. . . ." *Cox* v. *State* (1875), 49 Ind. 568, 571.

The trier of fact is not required to accept defendant's exculpating testimony when the totality of the evidence reasonably supports a finding of guilt. *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

It is clear from the above evidence that there was substantial evidence of probative value from which the jury as the trier of fact could reasonably infer that Hood was guilty beyond a reasonable doubt. The trial court's judgment should be and the same hereby is affirmed.

Hoffman, C.J. and Garrard, J. concur.

NOTE.—Reported at 313 N.E.2d 546.