JEFFREY SIMPSON *v.* STATE OF INDIANA.

[No. 178S5. Filed November 1, 1978.]

*Robert L. Sheaffer,* of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert J. Black,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Following a jury trial in the Bartholomew Circuit Court, appellant Simpson was found guilty of first-degree felony murder and was sentenced to life imprisonment. The homicide in question occurred on October 30, 1976. On that day, Simpson and Ben Rodriguez, wearing masks and carrying guns, were discovered outside the kitchen door of the home of the victim, Ernestine Garcia, by the victim's daughter. The men ordered the girl back inside and asked her for money. At this point, the victim entered the kitchen. The men demanded money from her also. Mrs. Garcia went into a bedroom and returned holding a revolver rather than the money sought by the robbers. Rodriguez then shot the victim with a shotgun while Simpson fired two shots from his gun. The pair then fled through a cornfield along with two accomplices who had waited outside. The four eventually joined with a fifth man who had waited by a road with an automobile. As the five men drove away, they passed an auto being driven by the victim's married daughter and son-in-law who were rushing to the scene of the shooting. Both the daughter and son-in-law recognized Ben Rodriguez in the car and advised police of this fact. This tip eventually led to the capture of the five men.

Appellant presents seven issues for our review. These issues concern: (1) the Juvenile Court's exercise of jurisdiction over appellant, an order by the Juvenile Court denying bail, and the denial of appellant's Motion for Change of Venue from the Juvenile Court Judge; (2) the denial of appellant's Motion for Continuance; (3) the refusal by the trial court to permit a psychologist to testify; (4) the admission into evidence of two photographs of the victim; (5) the giving of certain jury instructions; (6) the denial of appellant's Motion for Judgment on the Evidence, and; (7) the sufficiency of the evidence.

## I.

Appellant first advances three arguments relating to the initiation of proceedings against him in the Shelby Juvenile Court. Specifically, he argues that the Juvenile Court was without jurisdiction and that the Juvenile Court Judge erred in denying his motion to be let to bail and for change of judge. In order to respond to these contentions it is necessary to review the facts of the case which culminated in appellant's trial before the Bartholomew Circuit Court.

Appellant was arrested on November 3, 1976, and charged in Shelby Juvenile Court under Cause No. Juvenile 76-229, with having committed the following three acts of delinquency which would have been crimes if committed by an adult: felony murder, commission of a felony while armed with a dangerous and deadly weapon and conspiracy to commit a felony. On November 16, 1976, the State of Indiana filed its petition for waiver of juvenile jurisdiction and on November 30, 1976, the appellant filed a motion for Change of Venue from the Judge in the Juvenile Court. The Court denied the Motion for Change of Judge and continued with the waiver hearing. During the course of these proceedings appellant also moved to be let to bail but this was denied by the court.

On February 9, 1977, the Juvenile Court waived juvenile jurisdiction of appellant on the three counts enumerated above. A Motion to Correct Errors was filed by the appellant and overruled by the Court.

The Grand Jury of Shelby County, empaneled by the Shelby Superior Court on February 9, 1977, returned an indictment in three counts charging appellant with Count I, murder in the commission of a felony, Count II, commission of a felony while armed with a dangerous and deadly weapon, and Count III, conspiracy to commit a felony. On February 21, 1977, appellant filed his verified Motion for Change of Venue from the County and the same was granted. The cause was then venued to Bartholomew County and proceeded

there. The appellant filed a Motion to Dismiss as to all three counts before the Bartholomew Circuit Court and the Court granted said Motion as to Counts II and III, but denied said Motion as to Count I, leaving the defendant to stand trial for felony murder.

The Juvenile Court of Shelby County was clearly without jurisdiction as to the felony murder charge as Ind. Code § 31-5-7-4.1 (a) (1) (A) (Burns Supp. 1978) specifically excludes the offense of murder from the list of acts which, when committed by a child, would serve to characterize such child as a delinquent. However, the Juvenile Court did have jurisdiction of the other two counts with which appellant was charged in that court. The court therefore had the authority to order the defendant held without bond under the facts before it and no error occasioned by the Juvenile Court's refusal to set a bond is presented in this appeal.

Further, a juvenile clearly has a right to a change of judge in a juvenile hearing and it appears that said motion should have been granted to this appellant at the time it was made prior to his waiver from Juvenile Court. Ind. Code § 34-2-12-1 (Burns 1975) ; *State ex rel. Duffy* v. *Lake Juvenile Court,* (1958) 238 Ind. 404, 151 N.E.2d 293. When this same issue was presented to the Circuit Court, Counts II and III were dismissed on the ground that the Juvenile Court improperly denied appellant's Motion for Change of Venue from the Judge and on the question as to proper venue raised as to Count III. We say apparently, because the court did not give reason for dismissal in his Order. Since the latter two charges were dismissed by the Circuit Court, the only question remaining is what, if any, prejudice has accrued to appellant on the remaining charge of felony murder with which we are here concerned. Since the Juvenile Court had no jurisdiction over appellant as to the felony murder charge, the waiver order on that charge was of no effect. The Grand Jury later returned an indict-

ment against appellant for felony murder which they had the jurisdiction to do since he was not a juvenile in regard to that charge. The record shows that in the waiver order of the Juvenile Court, judgment was entered in accordance with Ind. Code § 31-5-7-4.1(a) (1) (Burns Supp. 1978) and Ind. Code § 31-5-7-14 (Burns 1975), finding that because of the nature of the charges, the character of this juvenile, and all of the circumstances involved, that this child could not be handled effectively in Juvenile Court in the best interests of the child, public welfare and public security. Therefore, no jeopardy attached to appellant in the juvenile court. *Walker* v. *State,* 265 Ind. 8, 349 N.E.2d 161 cert. denied, (1976) 429 U.S. 943, 97 S.Ct. 363, 50 L.Ed.2d 313. The Grand Jury had jurisdiction to enter indictments against appellant thus conferring the Circuit Court with jurisdiction to try him for these charges in Criminal Court. There is thus no error presented here.

## II.

Appellant's next assignment of error concerns the trial court's denial of his Motion for Continuance. The record shows that this motion was filed thirteen days before trial. Appellant specified two bases for the motion: (1) that he had been unable to contact many of the state's proposed witnesses, which were eighty-five in number, and; (2) that Ben Rodriguez was scheduled to go to trial shortly after appellant and that appellant felt that the insanity issue in Rodriguez's case had to be determined prior to his own trial.

A Motion for Continuance based on a non-statutory ground is addressed to the discretion of the trial court. *See Miller* v. *State,* (1978) 267 Ind. 635, 372 N.E.2d 1168, 1170-71. Since appellant's motion was based on an alleged need to have more time for trial preparation, it was such a request directed to the trial court's discretion. Appellant's counsel had been retained eight months before trial. There is no indication that any of the proposed state's

witnesses would have contradicted the basic story of this crime as it was developed at trial. Appellant's second ground for continuance based on Rodriguez's sanity is specious. Appellant's defense at trial was essentially one of duress; it is not demonstrated, and we fail to see, what bearing Rodriguez's sanity could have on appellant's duress defense. We thus do not think that the trial court abused its discretion in denying appellant's Motion for Continuance.

### III.

Appellant next contends that the trial court erroneously refused to allow a psychologist to testify. He maintained that this psychologist would testify as to his lack of intent to commit robbery. However, appellant never made an insanity plea pursuant to Ind. Code § 35-5-2-1 (Burns 1975) before trial, and insanity was not in fact in issue at trial. Appellant specifically denied that he was raising an insanity defense.

It appears from the record that the psychologist in question would have testified that appellant lacked the requisite intent because of his great fear of Ben Rodriguez. The question of a person's intent at the time of the commission of a crime, not related to an issue of insanity, is a question of fact for the jury and not a proper subject of expertise. The psychologist's testimony in this regard would have been nothing more than hearsay and was not necessary as an aid for the jury's determination of the issue of the presence or absence of criminal intent. We thus feel that the admission or exclusion of the testimony of this psychologist was a matter of the trial court's discretion, and find no abuse of that discretion.

### IV.

Appellant's fourth allegation of error involves the admission into evidence of two photographs which depicted the body of the victim. Appellant argues that these photographs

were objectionable because they were taken after the victim had undergone surgery employed in an attempt to save her life. It is argued that since these photos show evidence of the surgery in addition to the gunshot wounds, they should have been excluded as being inaccurate representations.

The admission into evidence of a photograph at trial is within the sound discretion of the trial judge and the exercise of that discretion will not be disturbed unless abuse is found. *Owen* v. *State*, (1975) 263 Ind. 487, 503-04, 333 N.E.2d 745, 753-54. Ordinarily, evidence is admissible if it is relevant to an issue being tried. The relevancy of a photograph is determined by an inquiry into whether or not a witness would be permitted to testify as to the subject portrayed in the photo. *Pierce* v. *State*, (1970) 253 Ind. 650, 256 N.E.2d 557. In the present case, the two photographs showed the effects of the shotgun blast on the victim. This was clearly relevant to the material issue of cause of death. While it is true that the photos in question depict a surgical incision apart from the gunshot wound, it is also true that both the operating surgeon and the pathologist pointed out in their testimony which mark resulted from the operation and which marks were effects of the shooting. The jury thus was not misled into believing that appellant was responsible for the surgical incision. We find no abuse of discretion here.

## V.

Appellant's next argument concerns three of the trial court's jury instructions. The first of these instructions advised the jurors that it was immaterial whether the [12, 13] alleged shooting was intentional so long as it was done while appellant was engaged in an attempt to commit robbery. This was a correct statement of the law as specific intent to kill is not a requisite element of the offense of murder during the perpetration of a robbery. *Wilson* v. *State*, (1975) 263 Ind. 469, 482, 333 N.E.2d 755,

762. The state was required to prove the intent to commit the robbery, but was not required to prove an intent to kill. *Id.* Defendant's Instruction No. 1, given by the court, stated that the prosecution must prove, beyond a reasonable doubt, that appellant had the necessary intent to commit the crime of robbery. State's Instruction No. 8 also addressed the issue of intent. Thus, the instructions, when read as a whole, adequately advised the jury on the element of intent. *Carter* v. *State*, (1977) 266 Ind. 196, 361 N.E.2d 1208.

Appellant next complains of the court's instruction which stated in effect, that where two or more persons join together to perpetrate a robbery and in carrying out their common design a person is killed, then each would be guilty of murder. Appellant concedes that this instruction correctly states the law in Indiana. *See e.g. Cline* v. *State*, (1969) 253 Ind. 264, 252 N.E.2d 793. However, he argues that the instruction failed to state that a person acting under duress would be excused from joining with others to perpetrate a crime.

The defense of duress was discussed in *Hood* v. *State*, (1974) 160 Ind. App. 667, 669, 313 N.E.2d 546, 547:

"Coercion or duress is a defense to prosecution for a criminal act. The Supreme Court of Indiana stated in Ross v. State (1907), 169 Ind. 388, 390, 82 N.E.2d 781:
'. . . "[As to] the necessity or compulsion which [excuses] a criminal act [it] must be clear and conclusive, and must arise without the negligence or fault of the person who insists upon it as a defense. The alternative presented must be instant and imminent, and there must be, if not a physical, at least a moral, necessity for the act. . . . If a person is compelled to commit a crime by threats of violence sufficient to induce a well-grounded apprehension of death or serious bodily harm in case of refusal, this excuses him.' . . ."

*See also State* v. *Toscano*, (1977) 74 N.J. 421, 378 A.2d 755. Appellant's story, as related at trial, wholly fails to meet the above stated requisites of the duress defense. While appellant was apparently threatened and assaulted by Rodriguez at

one point, he was away from Rodriguez at his own home the night before the robbery. It does not appear that Rodriguez's threats were so great and immediate that appellant had no alternative except to cooperate with Rodriguez. As appellant's defense of duress was not supported by the evidence presented at trial, there was no error in the trial court's refusal to give a duress instruction.

Further, appellant did not tender an instruction on duress himself. Thus, it was not error to refuse to include language of duress in the court's instructions.

The final instruction argument concerns the appellant's objection to the following charge:

"Entering into an agreement or common design need not be proven by words alone, but may be proven by the acts of the parties or by both words and acts and by circumstances so long as it is proven to you by the evidence to your satisfaction beyond a reasonable doubt."

Appellant contends that this instruction was improper because there was no evidence of agreement or common design, rather, appellant was coerced into this criminal episode by Ben Rodriguez. Our disposition of the prior instruction argument controls in this argument as well. There is thus no merit in any of appellant's challenges to the court's instructions.

## VI.

The appellant contends that the trial court erred in denying his Motion for Judgment on the Evidence at the close of the state's case-in-chief. Appellant proceeded to introduce evidence in defense following the denial of this motion thus any error in such denial was waived. *Downs* v. *State*, (1977) 267 Ind. 342, 369 N.E.2d 1079, 1081; *Sypniewski* v. *State*, (1977) 267 Ind. 224, 368 N.E.2d 1359, 1362.

## VII.

Appellant's final argument challenges the sufficiency of the evidence supporting his conviction. On appeal this court does not judge the credibility of witnesses nor weigh the evidence, rather, we look to the evidence most favorable to the state and the reasonable inferences to be drawn from that evidence. *Sypniewski, supra.* Appellant admitted his participation in the robbery of Mrs. Garcia. His entire defense was that he committed the crime, not with the requisite intent, but out of his fear of Ben Rodriguez. Thus, the primary question which the jury was required to decide was whether appellant's fear of Rodriguez was such that it negated his specific intent to commit robbery. A review of the record in this case discloses ample evidence from which the jury could conclude that appellant intended to participate in the robbery. The night before the crime appellant had discussed and planned the robbery with his confederates. He and another participant had stolen ski-masks from a store for the purpose of using them as masks in the robbery. Appellant had returned to his home on the night prior to the crime where he was presumably safe from whatever influence Rodriguez had over him. At that point it would have been possible for appellant to inform police of the gang's plans and thereby protect himself. He did not do so however, and when Rodriguez came by the next day, appellant not only joined him, but brought along his own gun. When they arrived at the Garcia home, appellant did the talking as they were afraid Mrs. Garcia might recognize Rodriguez's voice. We find this evidence sufficient to support appellant's conviction.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 381 N.E.2d 1229.