**Paul D. BATES, also known as Paul D. Smith, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 380S59.

Supreme Court of Indiana.

Sept. 25, 1980.

Jerome E. Levendoski, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Paul D. Bates, was convicted by a jury of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and attempted robbery, a class A felony, Ind.Code §§ 35–41–5–1 and 35–42–5–1 (Burns 1979 Repl.). He was sentenced to twenty years' imprisonment on both counts, the sentences to run concurrently. Defendant's only allegation of error is that there is insufficient evidence to support the jury verdicts.

The evidence most favorable to the state reveals that on the morning of December 23, 1978, Michael Merriman, a mail carrier, was delivering his route. As he sat in his postal truck, a man later identified as defendant suddenly appeared and said, "I'm gonna get 'cha." Defendant produced a knife and chased Merriman to the back of the truck. They scuffled, and Merriman indicated that he had some money. Defendant replied, "Give me all your money." Merriman took the money out of his wallet and gave it to defendant. Defendant started to leave but then turned around and grabbed Merriman's wallet from his hand. Defendant then left on foot.

Subsequent to this attack and about a block from the location of Merriman's truck, defendant encountered Cecil Thomas as he was getting out of his car. Defendant demanded the car keys. Thomas started to run but slipped and fell. Defendant jumped on him and began to stab him with the knife. Defendant ran from the scene without the keys when neighbors responded to Thomas's screams for help. The police later apprehended defendant at his apartment.

We have often held that in reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses but will only view the evidence most favorable to the state and the logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Norris v. State*, (1979) Ind., 394 N.E.2d 144; *Hill v. State*, (1979) Ind., 394 N.E.2d 132.

At trial, defendant relied on the defense of intoxication. He testified that during the incidents in question, he was under the influence of an hallucinogenic drug. He introduced several witnesses who corroborated his story. The relevant statute, Ind.

Code § 35–41–3–5 (Burns 1979 Repl.) (amended 1980), provided at the time these crimes were committed:

> "*Intoxication.*–(a) It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, if the intoxication resulted from the introduction of a substance into his body:
>
> "(1) Without his consent; or
>
> "(2) When he did not know that the substance might cause intoxication.
>
> "(b) Voluntary intoxication is a defense only to the extent that it negates specific intent."

■ Defendant's alleged ingestion of drugs was not accomplished without his consent. Although he testified that he had never experienced hallucinatory effects from drugs before, he never affirmatively stated that he was without prior knowledge or forewarning that such effects might result in this particular instance. In addition, a postal inspector who interviewed defendant after the attacks testified that defendant told him, "I lost myself yesterday. I smoked a little marijuana and it affects me sometimes." Considering the evidence most favorable to the state, we must proceed on the premise that defendant's intoxication was voluntary. Voluntary intoxication will relieve a defendant from responsibility for a crime only when it prevents him from forming the specific intent necessary to commit the offense. *Larkin v. State,* (1979) Ind., 393 N.E.2d 180; *Snipes v. State,* (1974) 261 Ind. 581, 307 N.E.2d 470.

There was evidence that defendant was suffering from hallucinations when these crimes were perpetrated. However, both victims testified that defendant did not appear different or unusual. Merriman stated that defendant's eyes were not glassy, bloodshot, or watery. In addition, defendant had the presence of mind to specifically ask Merriman for his money and Thomas for his car keys and to reach back and grab Merriman's wallet before he fled. There was also evidence that as he was being apprehended, defendant carried on a conversation with one of his uncles.

■ It must be remembered that the burden of proving the intoxication defense rested with the defendant. *Dobrzykowski v. State,* (1978) Ind., 382 N.E.2d 170; *Stevens v. State,* (1978) 267 Ind. 541, 372 N.E.2d 165. Whether defendant possessed the requisite intent, despite his claim of intoxication, was a question of fact for the jury. *Greider v. State,* (1979) Ind., 385 N.E.2d 424; *Emler v. State,* (1972) 259 Ind. 241, 286 N.E.2d 408. As this Court stated in *Booher v. State,* (1901) 156 Ind. 435, 60 N.E. 156:

> "It does not follow, by any means, in any criminal case, in which the intoxication of the accused person may be considered in evidence, that the fact that at the time he committed the alleged crime he was intoxicated, he was thereby rendered incapable of entertaining the specific felonious or criminal intent with which he is charged. He may have been grossly intoxicated and yet capable of forming the intent to kill and murder or to commit any other offense in which an intent is an essential element. The correct rule or test in such cases, and the one generally asserted by the authorities, is that the drunkenness of the defendant, in order to rebut such criminal intent, must be of such a degree as to deprive him of the power to deliberate or form the necessary design or guilty intent; otherwise it is not available. Or, in other words, as affirmed in *Aszman v. State,* 123 Ind. 347 [24 N.E. 123], 8 L.R.A. 33, mere intoxication of the accused, in the absence of such mental capacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally, in forming the guilty design or intent, can not be regarded as sufficient." *Id.* at 447, 60 N.E. at 161.

In the case at bar, the jury was fully instructed on the defense of intoxication. There was substantial evidence of probative value from which the jury could have concluded beyond a reasonable doubt that defendant knowingly or intentionally robbed Michael Merriman and attempted to rob Cecil Thomas. *See also Stout v. State,* (1974) 262 Ind. 538, 319 N.E.2d 123.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.