**William J. DUFFY, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 780S206.

Supreme Court of Indiana.

Feb. 4, 1981.

William J. Dougherty, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, William J. Duffy, was convicted in a bench trial of rape, a class B felony, Ind. Code § 35–42–4–1 (Burns 1979 Repl.) and criminal deviate conduct, a class B felony, Ind. Code § 35–42–4–2 (Burns 1979 Repl.). He was sentenced to two concurrent terms of fifteen years each. His direct appeal raises ·the following issues:

1. Whether there was sufficient evidence to sustain the convictions; and

2. Whether the findings and decision of the trial court were contrary to law in that defendant was so intoxicated on the day of the crime he was not able to form the necessary specific intent.

A summary of the facts most favorable to the state shows that on the afternoon of June 27, 1979, the victim, a seventy-eight year old widow, was watching television in her unlocked apartment. A man entered the apartment suddenly and threatened her with a knife. The man was described by the victim as a white male in his mid-forties wearing a white tee-shirt, pants, and dark socks without shoes. He pulled her to the floor, threatened several times to kill her and both raped her and had oral sex with her. During the rape, the man dropped the knife which police later recovered. After raping the victim, the man grabbed some loose change from the top of the victim's dresser and ran down the hall. The victim went to her door and screamed for help.

A woman visiting in another apartment near to the victim's apartment saw a man wearing dark socks without shoes, a white tee-shirt and tan pants run down the hall-way and get on the elevator shortly after she heard the victim scream. She identified defendant in court as the man she had seen entering the elevator. Another witness had seen defendant with a kitchen knife sticking out of his pocket in the elevator of the apartment building about an hour before the incident.

Defendant was arrested in the apartment building shortly after the incident and was taken to the hospital where the victim was being treated. The victim looked at the defendant from a distance of one to two feet and positively identified him as her assailant. She said, "He had put his shoes on ... but he still got on those black socks." However, eight months later at the trial, the victim was unable to identify defendant in the courtroom. When she was asked if she saw her assailant there, she pointed to a spectator in the back of the room rather than to defendant.

Defendant testified that he was drunk on the day of the offense and that as an alcoholic he was prone to experiencing blackouts when drunk. He testified that he remembered nothing of the alleged crimes and had never to his knowledge raped anyone in his life. Court-appointed psychia-

trists testified that defendant was not suffering from a mental disease or defect at the time of the offense and did not lack substantial capacity to appreciate the wrongfulness of his actions or conform his conduct to the requirements of law.

### I.

Defendant first contends that there was not sufficient evidence as to his identity to support his convictions. He argues that the identification by the victim in the hospital was made under conditions which were tainted by suggestive circumstances. He alleges that since the victim was unable to identify him in court, and the pretrial identification was made under suggestive circumstances there was insufficient evidence of his identity to sustain his conviction. We do not agree.

It is clear that a one-on-one confrontation between suspect and victim is as a general proposition very suggestive, but it is not always unnecessarily suggestive. *Clark v. State*, (1978) 269 Ind. 316, 380 N.E.2d 550; *Kelly v. State*, (1978) 269 Ind. 231, 379 N.E.2d 963; *Zion v. State*, (1977) 266 Ind. 563, 365 N.E.2d 766. Depending upon the surrounding circumstances, it may be found that the confrontation was not unnecessarily suggestive, and that there had been no denial of the defendant's due process rights. *Neil v. Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Clark v. State, supra.*

■ In the instant case, the show-up took place within a few hours of the crime. The victim was being treated in the hospital for the effects of the attack. Thus, the use of a lineup was impractical. The victim gave an accurate description of her assailant to the police shortly after the incident occurred. She was able to describe his race, his height, his features, his approximate age and the clothing he wore. She was wearing her eyeglasses when defendant entered her apartment on the afternoon of the incident and was able to look closely at him. At the hospital, the victim viewed defendant at a distance of one to two feet and stated she was sure he was the same man she saw in her apartment. She even noticed that he

had put his shoes on but that "he still got on those black socks."

There is no evidence that the victim was pressured or forced at the hospital to identify defendant as the perpetrator. She never varied in her description of her assailant and never waivered in her certainty that the man she saw at the hospital was the same man who had attacked her earlier in her apartment. Although the show-up itself was not entirely free of suggestiveness, under the circumstances of this case, it was not impermissibly so and did not warrant the exclusion of the evidence at trial.

■ The victim's inability to identify defendant in court may well have been due to her poor eyesight over a greater distance and to the eight-month lapse in time between the incident and the trial. However, the fact that she failed to identify defendant in court is relevant only to the weight to be accorded her earlier identification, not to its admissibility. *Young v. State*, (1980) Ind., 409 N.E.2d 579.

■ In considering the sufficiency of the evidence, it is well settled that as a court of review, we will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will not be overturned. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100; *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509.

■ In this case, the victim's unvarying description of her assailant matched defendant's appearance. She identified defendant a few hours after the crime as being her assailant. Other independent evidence placed defendant running through the apartment hallway on the floor of the victim's apartment at the time of the incident. Another witness identified defendant as a man she had seen entering the apartment elevator earlier in the afternoon. She observed a kitchen knife sticking out of his pocket resembling the knife found in the

victim's apartment after the offense. The evidence of identification is sufficient to support the trial court's finding that defendant was guilty as charged. There is no error on this issue.

## II.

Defendant also contends that the finding of the trial court was contrary to law since he was too intoxicated on the day of the crime to have formed the necessary specific intent. He presented evidence at trial which showed that he was an alcoholic and was prone to experiencing "blackouts" when drunk. He claimed that he remembered drinking the day before the incident and on that morning. He then claims he remembered nothing until he "woke up" in jail on the following day.

The law is well settled that voluntary intoxication is *no defense in criminal proceedings* unless it can be shown that the accused was so intoxicated as to be incapable of formulating the requisite intent. *Bates v. State*, (1980) Ind., 409 N.E.2d 623; *Larkin v. State*, (1979) Ind., 393 N.E.2d 180. The burden of proving the intoxication defense rests with the defendant. *Dobrzykowski v. State*, (1978) Ind., 382 N.E.2d 170. Whether defendant possessed the requisite intent, despite his claim of intoxication is a question for the trier of fact. *Greider v. State*, (1979) Ind., 385 N.E.2d 424.

In this case, defendant offered testimony to the effect that alcoholics generally experience "blackout" periods, after which they have no recollection of such periods. However, medical experts offered testimony that a "blackout" does not affect an individual's behavior at the time; it simply affects the memory of that behavior. The experts agreed that the lack of memory has no effect on one's ability to understand or appreciate what one is doing during the time one is doing it. Only one of defendant's witnesses gave testimony contrary to that of the medical experts. This witness stated that the assumption was that alcoholics are not aware of their behavior during blackouts. This witness claimed to be an expert on alcoholism but offered no evidence of training or education which would support her qualification as an expert.

The state presented ample expert medical testimony that defendant was not suffering from a mental disease or defect at the time of the crime. The state offered substantial lay testimony of police officers who talked with defendant at the time of the incident and stated that he did not slur his words when talking, did not stumble when he walked, was able to respond to commands and did not appear to be drunk. There was sufficient evidence to enable the trier of fact to find that defendant was able to form the intent necessary to commit the crimes as charged.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.