Marshall JACKSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1280S459.

Supreme Court of Indiana.

Oct. 15, 1981.

Rodney H. Bayless, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On June 4, 1980, appellant Jackson was found guilty after a trial by jury, of Attempted Murder and Robbery. On June 5, 1980, appellant was found to be an Habitual Offender. A sentencing hearing was held and appellant was sentenced to forty (40) years imprisonment on Count I, Attempted Murder, and thirty (30) years on Count II, Robbery. These sentences are to be served concurrently. Appellant was also sentenced on Count III, Habitual Criminal, to thirty (30) years imprisonment, which sentence is to be served consecutively to those imposed in Count I and Count II. He appeals.

On May 9, 1980, appellant, Marshall Jackson, and Albert Chambers went to Mr. Neal's Motor Sales. Albert Chambers bought a car. Later that day appellant returned, inquired about purchasing a used car and asked if he could take a ride in one. A partner in the automobile dealership, Gary McGinty, went with appellant Jackson for a test drive. After Jackson had driven a few blocks he pulled into an alley, produced a .38 caliber gun and demanded McGinty's money. McGinty gave Jackson his money, check book and credit cards. He

then attempted to open the door and leave the car. Jackson said, "No, I can't let you go. You can identify me. I have to shoot you." Jackson shot McGinty and they struggled for control of the gun. A second shot was fired through the roof of the car. McGinty tried to reach and fire his own gun which he had on his foot. The gun did not fire and he threw it on the floor of the car. McGinty gained control of appellant's gun, but it was out of ammunition. Jackson got out of the car and ran. McGinty threw the gun at him. Jackson picked up the gun and continued running. McGinty chased him. McGinty had picked up his own gun and realized it had not fired because the safety was on. However, by then other people were on the street and McGinty did not fire his gun at Jackson. McGinty collapsed on the street from loss of blood. Police called an ambulance and took McGinty's gun. McGinty was taken to the hospital and surgery was performed.

Appellant raises four issues for our consideration. They involve claims of error regarding the admission of statements and exhibits during trial, the sufficiency of the evidence and testimony admitted at the sentencing hearing.

## I.

Appellant contends that the trial court erred in admitting State's Exhibit 1, a photographic aerial view of the area where the victim was robbed and shot. Appellant objected that there was no way of knowing the accuracy of the photograph or whether it had been altered.

■ The admission of photographic evidence rests largely within the trial court's discretion. *Thornton v. Pender,* (1978) Ind., 377 N.E.2d 613, 618. A photograph may be offered as demonstrative evidence if identified and verified as accurate by someone with knowledge of the scene depicted and if it will be relevant and of assistance to the fact finder. *McPherson v. State,* (1978) Ind.App., 383 N.E.2d 403, 412. The photographer need not be called to authenticate it. Anyone familiar with the material in the picture may testify as to its accuracy.

*Boone v. State,* (1978) Ind., 371 N.E.2d 708. Here, the victim described the area and stated that he was familiar with it. He testified that the photograph was an accurate representation of the area where he had been robbed and shot. There is no error in the admission of this photograph.

■ Appellant also challenges the admission of State's Exhibit 5 (a card holder) and State's Exhibit 6 (a checkbook). Appellant claims there was an insufficient foundation laid for the admission of these exhibits and that there were doubts as to their chain of custody. Each of the exhibits was identified by the victim as having been taken by the appellant during the robbery. In addition, the police officer who seized the items testified as to where they were found and that they were photographed and tagged as evidence. His testimony was corroborated by a form attached to the exhibits. These exhibits were capable of eyewitness identification and it was a sufficient foundation for their introduction that a witness identified them and that they had relevancy to the issues. *Walker v. State,* (1980) Ind., 409 N.E.2d 626, 629; *Gee v. State,* (1979) Ind., 389 N.E.2d 303, 309.

## II.

Appellant next claims that the court erred in admitting two written statements into evidence. Appellant claims that these statements were not given of his free will and were the result of improper promises and inducements by the interrogating police officers.

At a suppression hearing, Jackson testified that at the time he made the statements he was undergoing withdrawal from the effects of heroin and that he requested a doctor and methadone in return for giving a statement. He claims he made the statements after police promised to obtain medical assistance for him and assured him that the prosecutor would be more lenient if he cooperated. Although there was other testimony that Jackson was a known user and seller of narcotics, the evidence in support of his claim that he was undergoing

withdrawal after his arrest was his own testimony and that of his sister. His sister saw him in jail over 24 hours after his arrest and testified that he was a "heavy user" of narcotics. She testified that he seemed to be irritable, nervous, upset and that he had watery eyes when she saw him. However, two police officers testified that during the interrogation appellant denied using hard drugs, did not request medical attention and did not appear to be going through withdrawal. They also testified that no promises of any kind were made in exchange for the statements.

Appellant also alleges that the State failed to establish that he was informed of his rights prior to making his second statement. Appellant made two statements. The first statement was completed at 2:45 p. m. Prior to his first statement interrogating officers testified that *Miranda* rights were read to the appellant and that he was also given the opportunity to read the rights form. Appellant then signed the waiver of rights form and made an oral statement which was reduced to writing which he then read, initialed and signed. Approximately forty-five minutes later the appellant called out from his cell that he wanted to talk again. The officers were not asked to detail the advisement of rights procedure at this time, but another waiver form was executed and one of them testified that the waiver form was executed in the same fashion as it was for the previous statement. This second form also enumerated the appellant's rights. Appellant acknowledges that he initiated the second statement.

■ On appeal in examining the sufficiency of the evidence concerning the voluntariness of a confession, this Court will not reweigh the evidence. Rather, we will determine only if there is substantial probative evidence to support the trial court's ruling. We will not ordinarily disturb the trial court's finding when that finding is based on conflicting evidence. *Pardue v. State*, (1980) Ind., 403 N.E.2d 1072, 1073. *Love v. State*, (1980) Ind., 400 N.E.2d 1371; *Harrison v. State*, (1978) Ind., 382 N.E.2d 920, 923–24; *Richardson v. State*, (1978) Ind., 373 N.E.2d 874, 875. In view of all of the evidence recited above, the court did not err in finding that appellant's confession was voluntarily given and not the product of promises or inducements. *Pardue, supra, Love v. State, supra. See Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144. *See also Johnson v. State*, (1978) Ind., 380 N.E.2d 1236; *Richardson v. State*, (1978) Ind., 373 N.E.2d 874.

■ In addition, the second statement focused on the appellant's admission of involvement in an unrelated crime and added little to his first statement in which he confessed to the crimes in question. This second statement cannot be said to be more prejudicial than the confession relating to the robbery and shooting detailed in the first statement which is not challenged on the basis of the advisements given. *See Porter v. State*, (1979) Ind., 391 N.E.2d 801, 811. There is no error on this issue.

### III..

■ Appellant next claims that there was not sufficient evidence to prove that he intentionally attempted to kill another human being. He argues that there was evidence that he was "probably" under the influence of drugs. Appellant also argues that because he could have shot the victim again and did not do so he did not have the requisite intent to commit murder. The evidence as set out previously reveals that the appellant stated "I can't let you go. You can identify me. I have to shoot you." He then fired the gun, striking the victim. They struggled for control of the gun and it discharged into the roof of the car. They continued to struggle until the victim managed to gain control of appellant's gun.

■ It is well-settled that the necessary intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507; *Jackson v. State*, (1978) 267 Ind. 501, 371 N.E.2d 698. Appellant claims that his written confession contradicted the victim's tes-

timony. He claims that the victim pulled out a gun before the first shot was fired. The jury heard this statement, and appellant is now asking this Court to judge the credibility of witnesses and to overturn the conclusions of the jury. The jury may believe or disbelieve whomever they choose. *Lock v. State,* (1980) Ind., 403 N.E.2d 1360, 1373; *Sypniewski v. State,* (1977) 267 Ind. 224, 232, 368 N.E.2d 1359, 1364.

 Appellant also claims that the evidence shows that he was in such an intoxicated state that he could not have formed the specific intent necessary to commit the offenses charged. There was evidence presented that appellant used heroin and was known as a user and seller of narcotics. Dr. Arshad stated that "he was probably under intoxication of some of the street drugs." However, the evidence also revealed that appellant showed no signs of intoxication, that he appeared and acted normally and was able to communicate and drive a car with no apparent difficulty. Whether or not an appellant's involuntary intoxication prevented him from forming the requisite intent for attempted murder was a question of fact for the jury and one upon which the appellant bore the burden of proof. *Norris v. State,* (1981) Ind., 419 N.E.2d 129; *Bates v. State,* (1980) Ind., 409 N.E.2d 623, 625. The intoxication of the appellant, in order to rebut such criminal intent, must be shown to have been of such a degree as to deprive him of the power to deliberate or form the necessary design or guilty intent. *Bates, supra.* In the present case, there was substantial evidence of probative value from which the jury could have concluded that the defendant knowingly or intentionally robbed and attempted to kill the victim. There is no error on this issue.

### IV.

Appellant finally argues that at the sentencing hearing the trial court erred in admitting the testimony of State's witness John Willis. Willis testified that on April 22, 1979, he was on duty as a security guard at the 11th Avenue pharmacy in Gary, Indiana, when a man grabbed his gun and shot him. In State's Exhibit 22 appellant admitted that he shot a guard during a robbery at the 11th Avenue pharmacy. Appellant argues that this criminal act was not connected with any crime with which he was charged and that consideration of it at the sentencing hearing prejudiced him by resulting in the imposition of an excessive sentence.

 A defendant's prior criminal activity need not have been reduced to a conviction before it can be considered in determining the sentence to impose. *See McNew v. State,* (1979) Ind., 391 N.E.2d 607, 609. Appellant's admitted participation in an apparently uncharged criminal act and the victim's corroborative testimony were properly admitted and considered by the trial court as evidence of his prior criminal activity. *See Holmes v. State,* (1980) Ind., 398 N.E.2d 1279.

 In addition, the record indicates that the trial court also considered two prior convictions for theft and a prior conviction for murder in imposing the sentence. In view of the nature of these offenses and the character of the defendant, the sentence imposed was not manifestly unreasonable. Ind.R.App.Rev.Sen. 2(1).

Judgment affirmed.

GIVAN, C. J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.