**Ricky RUSHING, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S425.**

Supreme Court of Indiana.

June 14, 1983.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Ricky Rushing, was convicted in a trial to the court of robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and was sentenced to a thirty-year term of imprisonment enhanced by twenty years for aggravating circumstances. He raises the single issue of the sufficiency of the evidence in his direct appeal.

A brief summary of the facts from the record most favorable to the state shows that on the morning of November 29, 1980, a Swiss Cleaners store in Fort Wayne, Indiana, was robbed. The clerk, Nanette Heminger, testified that defendant came into the store to get his cleaning and paid for his order with a twenty-dollar bill. He then requested four quarters in change and gave Heminger a ten-dollar bill. When Heminger looked up she saw that defendant was pointing a gun at her. He ordered her into the back room of the store where he beat and stabbed her.

The noise made during this attack attracted the attention of Ken Hershberger and Kandy Dold who were working at an adjacent business. They entered the cleaning store, saw that the cash register drawer was open with money in it, and heard noises coming from the back room. Hershberger yelled for the perpetrator to get out and told Dold to go for help. Defendant came out of the back room and pointed his gun at Hershberger. Hershberger testified that he did not see defendant actually take money from the cash register but he heard the sound of money rustling and cash drawer clips flopping, and he saw defendant putting money in his pockets as he was leaving the store. Dold, who was returning at this point, observed a black male leaning over the counter in the cleaners. He then put money in his pockets as he stood up, but Dold could not see his face and could not identify him. Both Dold and Hershberger went to help the victim.

Defendant was apprehended a short time later after being tracked by a police officer's canine. He was found in some bushes in an apartment complex near the cleaning store. When he was taken back to the scene, the victim identified him as the man who had stabbed and beaten her, and Hershberger identified him as the man with the gun. Dold identified the clothing as being the same as that which was worn by the man she saw leaving the cleaners. Defendant had approximately seventy dollars in his pockets when he was arrested including twenty-five one dollar bills, three five-dollar bills, one ten-dollar bill, and one twenty-dollar bill. This approximately matched the amount and denominations of the money which was in the cash register of the cleaners.

Defendant admitted that he was in the store but denied having taken any money. His aunt testified that she had given de-

fendant eighty-one dollars that morning so that he could go pick up her car and pay for its repairs. Another woman, Camilla Lewis, testified that she entered the cleaning store on the morning of the robbery and took the money from the cash register drawer when she observed that the store was empty and the cash register was open.

Defendant now argues that there was insufficient evidence to prove beyond a reasonable doubt that he actually took any money from the cash register. He contends that the evidence he presented at trial was sufficient to raise a reasonable doubt as to his guilt. However, it is clear that a reviewing court does not reweigh the evidence or judge the credibility of witnesses. Our standard for reviewing sufficiency claims is firmly established; we are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Lane v. State,* (1983) Ind., 445 N.E.2d 965; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986; *Duffy v. State,* (1981) Ind., 415 N.E.2d 715; *Wofford v. State,* (1979) Ind., 394 N.E.2d 100.

In this case, defendant does not contest the fact that he was present at the scene of the crime and stabbed and beat the victim. He argues that he did not actually take any money and that this essential element of the crime was not proved by the state's evidence. However, we find that the state did present sufficient evidence of probative value to support the court's verdict including the following: Hershberger's testimony that he heard money rustling and cash drawer clips flopping and saw defendant putting money in his pockets as he was leaving the store; Dold's testimony that she saw a black male put money in his pockets as he left the store and that defendant was wearing the same clothes as the black male when he was returned to the scene by police; and the fact that the amount and denominations of the money found on defendant immediately after the crime ap-

proximately matched the amount taken from the store.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.