Michael **SCHLACTER**, Appellant,

v.

**STATE of Indiana**, ·Appellee.

No. 982S375.

Supreme Court of Indiana.

July 23, 1984.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

**DeBRULER, Judge.**

This is a direct appeal from a conviction for robbery, a class A felony, Ind.Code § 35–42–5–1. The case was tried by a jury. Appellant was sentenced to a term of thirty years.

Appellant raises three issues on appeal: (1) whether the information gave proper notice in that it allegedly charged both class A and class B robbery; (2) whether the jury should have been instructed as to the lesser included offense of criminal recklessness; and (3) whether the court erred in excluding testimony of prior mental instability on the part of the appellant.

The facts tending to support the conviction show that appellant, Michael Schlacter, entered the Pop-A-Top liquor store in Evansville, Indiana around 10:30 or 11:00 p.m. on November 25, 1981. Appellant went to the potato chip rack and picked up a bag of chips. The owner's wife asked him twice if he had some form of identification to which appellant made no response. The owner then came around the counter and asked if he could help him. The appellant reached in his sweatshirt, pulled out a knife and stabbed the owner in the side, announcing "This is it, I want it all." The owner and his wife retreated to the backroom as the appellant waived the knife wildly. Appellant tried to open the cash register and was unsuccessful; consequently, he threw the knife at the owner and hit him in the bicep causing a superficial laceration. Appellant came charging wildly at the owner and his wife. The owner took a thirty-eight caliber pistol and shot the appellant at close range in the upper chest. The first shot did not stop him, and he continued to charge. The owner shot him again. Appellant stopped, turned and exited the store, taking some liquor as he left. Appellant ran up the street and finally fell in the grass where the police found him.

### I.

Appellant moved to dismiss this action on the basis of a defective information. Appellant alleges that the information charges both class A and class B robbery and therefore does not give proper notice as to which crime is being charged.

The form of the indictment or information must substantially comply with the form delineated in the statute and if the accused is specifically informed of the charge against him by the wording of the particular information or indictment, then the information or indictment substantially complies with the statute. Ind.Code § 35-3.1-1-2 (since repealed) § 35-34-1-1; *Merry v. State*, (1975) 166 Ind.App. 199, 335 N.E.2d 249. Defects or imperfections in an affidavit are only grounds for reversal where they prejudice substantial rights.

*Thorne v. State*, (1973) 260 Ind. 70, 292 N.E.2d 607.

Here the information completely complies with the statute, and carries on its face the express statement that the charge being made is class A robbery. Consequently, appellant's claim that he was not given proper notice because the information allegedly contained the elements of class B as well as class A robbery must fail. The appellant received proper notice and was not misled by the information. In addition he has not shown any prejudice resulting from the content of the information.

The trial court did not err in denying the appellant's motion to dismiss.

### II.

Appellant assigns as error the trial court's refusal to instruct the jury relative to criminal recklessness as a lesser included offense of robbery. The trial court refused to instruct on criminal recklessness, but did instruct on battery. The trial court also presented to the jury a general instruction on lesser included offenses.

Appellant's Instruction Number 2 stated that the offense charged in the information also includes the crime of criminal recklessness, which is defined by a statute of our State as follows:

"A person who recklessly, knowingly or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness.... The offense is a class A misdemeanor if the conduct includes the use of ... a deadly weapon."

The appellant's Instruction Number 2 is incorrect because the statutory provision from which it was taken had been amended before the crime had taken place. The amendment became effective September 1, 1981 (see Ind.Code § 35-42-2-2, as added by Acts 1976, P.L. 148, § 2, p. 718; 1977, P.L. 340, § 31, p. 1533, as amended by Acts 1981, P.L. 300, § 1, p. 2394), and the crime was committed on November 25, 1981. The statutory provision as amended states

that criminal recklessness is a class D felony if it is committed while armed with a deadly weapon, not a class A misdemeanor.

Even if appellant's instructions were technically correct, the trial court was not in error in refusing to give it, since there was no evidence from which the jury could properly find that the lesser offense was committed while the greater was not. *Tawney v. State*, (1982) Ind., 439 N.E.2d 582.

The trial court did not err in refusing to submit appellant's instruction on criminal recklessness to the jury.

### III.

Appellant alleges error occurred in the trial court's refusal to admit evidence of prior mental instability proffered by appellant's mother and grandmother. The record shows that appellant withdrew his insanity plea before the trial.

The question of a person's criminal intent at the time of the commission of a crime not related to an issue of insanity is a direct question of fact for the jury and not a proper subject for expertise or opinion. *Simpson v. State*, (1978) 269 Ind. 495, 381 N.E.2d 1229. A psychologist's testimony in this regard would have been nothing more than hearsay and was not necessary as an aid for the jury's determination of the issue of the presence or absence of criminal intent. *Simpson, supra.*

Of like legal import was the rejected testimony of appellant's relatives which described past episodes in which he would act in a violent manner towards one of them, then suddenly stop, and later act as though nothing had happened, and claim no recollection of those events. Such testimony would not have provided the jury with information useful in determining whether appellant had the requisite criminal intent during the alleged robbery of the liquor store.

The trial court did not err in refusing to admit the lay testimony of appellant's prior mental instability.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.