Gregory S. SEEGLITZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S388.

Supreme Court of Indiana.

Nov. 17, 1986.

Herbert J. Shaps, Walter J. Alvarez, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Burglary, a Class C felony. The jury found appellant to be an habitual offender. The court sentenced appellant to thirty-eight (38) years based upon the habitual offender finding.

The facts are: On August 25, 1984, at approximately 11:00 p.m., appellant and an accomplice broke into and entered the building of Tomken's Citco Service Station in Lake Station, Indiana. Julie Eidman testified that she drove to the gas station to buy a soft drink shortly before 11:00 p.m. She noticed the bottom section of the glass door on the east side of the building was broken. She observed a man standing near a green Chevrolet Nova and appellant walking toward the broken door. Eidman telephoned the police when she arrived home.

The police chased appellant's car until it failed to negotiate a sharp curve and went over an embankment into a heavily wooded

area. The police searched the area but did not locate the occupants of the car. Richard Ausenbaugh, a patrol sergeant, was involved in the chase. He observed the following items in the car: a few quarts of oil, 45 cartons of cigarettes, a radio, a cash register drawer, a Firefighters Crusade donation display and an empty vodka bottle.

Around 1:30 a.m., appellant approached the scene of the accident and inquired about the car. He stated his name was Gary Anderson and that his aunt sent him to find out why the police had possession of his cousin's vehicle. Appellant then reached into the open passenger's window and removed a pack of cigarettes from the glove compartment. Ausenbaugh shined a light on appellant and noticed that he had cuts and scratches on his shoulder. Ausenbaugh became suspicious and summoned Detective Basista to the scene. When Basista arrived, he identified appellant as one of the occupants of the car and placed him under arrest.

Appellant contends that the trial court erred by admitting into evidence statements made by him to officers prior to his arrest and without the advisement of *Miranda* warnings.

The procedural safeguards of *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, apply only to "custodial interrogation." *Minneman v. State* (1982), Ind., 441 N.E.2d 673, *cert. denied* (1983), 461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307; *Orr v. State* (1984), Ind. App., 472 N.E.2d 627. *Miranda* requirements are not applicable to general on the scene questioning in a noncoercive atmosphere. *Hatcher v. State* (1980), 274 Ind. 230, 410 N.E.2d 1187; *Johnson v. State* (1978), 269 Ind. 370, 380 N.E.2d 1236. An officer may ask routine questions for the purpose of obtaining basic identifying information without giving *Miranda* warnings. *Hatcher, supra; Holt v. State* (1978), 178 Ind.App. 631, 383 N.E.2d 467.

Appellant asserts the officer placed him in custody at the time he began questioning him. The record does not support appellant's assertion. Appellant approached the officer at the scene of the accident and claimed to be an agent of the car's owner. The officer asked appellant his name and he replied Gary Anderson. No interrogation occurred prior to appellant's arrest. We find there is no evidence of a coercive atmosphere that is indicative of custodial interrogation. *Miranda* warnings were not required.

Appellant next contends the trial court erred by denying his motion to suppress his confession. He claims his *Miranda* rights waiver, signed at 3:55 a.m., was not properly executed because the officer had a duty to refrain from interrogating him once he refused to waive his rights at 1:59 a.m.

It is the State's burden to prove beyond a reasonable doubt that the defendant voluntarily and intelligently waived his rights, and that defendant's confession was voluntarily given. *Bevill v. State* (1985), Ind., 472 N.E.2d 1247; *Gentry v. State* (1984), Ind., 471 N.E.2d 263. This Court examines the totality of circumstances to determine whether the waiver was induced by violence, threats, promises or other improper influences. *Peterson v. State* (1983), Ind., 453 N.E.2d 196. If the trial court's finding is supported by substantial evidence of probative value, it will not be disturbed. *Fleener v. State* (1980), 274 Ind. 473, 412 N.E.2d 778.

At the police station, Detective Basista was able to confirm, by description and computer records, that appellant was Gregory Seeglitz. Appellant stated this information was correct. Appellant then offered to make a deal with the prosecutor's office by volunteering information concerning burglaries in order to reduce the charges brought against him. Detective Basista declined and explained that he did not have the power to arrange such a deal. Appellant refused to sign the *Miranda* waiver form at 1:59 a.m.

Appellant argues he did not initiate the conversation which led to the signing of the *Miranda* waiver form at 3:55 a.m. He claims the police continued the interroga-

tion by inquiring about his identity after he explicitly refused to waive his rights.

■ The record indicates appellant persisted in volunteering information concerning other burglaries after he refused to sign the waiver form. The officers did not coerce appellant into signing the waiver form nor did they make any specific promises to appellant regarding a reduction of charges. The inquiry into appellant's identity was to confirm, for their records, that appellant was Gregory Seeglitz and not Gregory Anderson. We believe there was substantial evidence of probative value to support a finding that appellant voluntarily and intelligently waived his rights. We find no error in the admission of the confession into evidence.

Appellant next contends the trial court erred by refusing to allow Dr. Brown to testify as to statements appellant made during psychiatric evaluation. Appellant argues the psychiatrist's testimony regarding such statements constitutes substantive evidence of his condition as a chronic alcoholic and is therefore admissible to show his inability to form the necessary specific intent.

■ The question of a person's criminal intent at the time of the commission of the crime, not related to an issue of insanity, is a direct question of fact for the jury and not a proper subject of expert testimony. *Schlacter v. State* (1984), Ind., 466 N.E.2d 1; *Blackmon v. State* (1983), Ind., 455 N.E.2d 586. The admission of expert testimony is within the sole discretion of the trial court and will be reversed only for abuse. *Dougherty v. State* (1983), Ind. App., 451 N.E.2d 382, *reh'g. dismissed*, 462 N.E.2d 212.

■ The trial court ruled that Dr. Brown's testimony of his observations of appellant was admissible for the purpose of demonstrating appellant's condition as a chronic alcoholic. However, Dr. Brown was not permitted to testify or relate facts regarding appellant's statements as to his ability or inability to form the necessary criminal intent at the time of the commis-

sion of the crime. A psychiatrist's testimony in this regard would have been nothing more than hearsay and was not proper as an aid for the jury's determination of the issue of the presence or absence of criminal intent. *Simpson v. State* (1978), 269 Ind. 495, 381 N.E.2d 1229. We find that the trial court did not abuse its discretion by refusing to allow Dr. Brown to testify as to statements appellant made during psychiatric evaluation.

Appellant next contends that Final Instruction No. 10 improperly defined the intoxication defense and therefore misled the jury. He argues that some reference to temporary mental incapacity was necessary.

■ Final Instruction No. 10 correctly informed the jury that intoxication may be shown to the extent that it tends to negate the element of intent. Contrary to appellant's assertion, we find the challenged instruction was an accurate statement of the law and would not mislead the jury. The trial court did not err in giving the instruction.

Appellant next contends the jury's verdict was contrary to law and not sustained by sufficient evidence. This Court will not weigh conflicting evidence nor judge the credibility of witnesses. *Washington v. State* (1982), Ind., 441 N.E.2d 1355.

■ Descriptions of the offender matched appellant's appearance. Detective Basista observed appellant in the green Chevrolet Nova leaving the scene of the crime. The car was registered in the name of Greg and/or Emma Seeglitz. Officers at the site of the accident observed items stolen in the burglary in the backseat and trunk of the car. The evidence is sufficient to support the jury's verdict. There is no error on this issue.

Appellant also contends the State failed to produce sufficient evidence to overcome his intoxication defense. He argues that he was too intoxicated on the day of the crime to have formed the necessary specific intent.

Voluntary intoxication is no defense to a crime unless it can be shown that defendant was so intoxicated as to be incapable of forming the requisite intent. *Duffy v. State* (1981), 275 Ind. 191, 415 N.E.2d 715; *Cowans v. State* (1980), 274 Ind. 327, 412 N.E.2d 54. The burden of proving the affirmative defense of lack of intent is on the defendant. *Bates v. State* (1980), 274 Ind. 214, 409 N.E.2d 623; *Dobrzykowski v. State* (1978), 269 Ind. 604, 382 N.E.2d 170. So long as the offender is capable of conceiving a design, he will be presumed in the absence of contrary proof, to have intended the natural consequences of his own acts. *Cowans, supra; Greider v. State* (1979), 270 Ind. 281, 385 N.E.2d 424. Whether appellant possessed the requisite intent, despite his claim of intoxication, is a question for the trier of fact. *Duffy, supra.*

Appellant presented evidence at trial which showed that he was an alcoholic and was prone to experiencing "blackouts" when drunk. Emma Seeglitz, who adopted appellant, testified that he was intoxicated on the night of August 25, 1984. Officer Ausenbaugh testified he smelled alcohol on appellant's breath and also discovered an empty vodka bottle in the car. The State offered testimony of police officers who spoke with defendant when he approached the scene of the accident and inquired about the car. They stated he did not slur his words when talking, did not stumble when he walked and did not appear to be drunk. There was sufficient evidence of appellant's control over his own actions at the time of the offense to support the jury's finding of the necessary specific intent.

Appellant next contends the trial court erred by admitting into evidence State's Exhibits Nos. 17 and 18, which contain records from the Indiana Department of Correction showing his commitment to the State Prison for the 1981 burglary offense and the 1981 theft offense. He argues that the records were not properly authenticated.

The documents were signed by William J. Hartley, the Acting Supervisor of Classification and the official keeper of the records for the Indiana State Prison. For each of these convictions the documents included were copies of the indictment or charging information, copies of the judgment of conviction and sentence entered, prison admittance records, prison photograph and fingerprint records and other prison record cards. The documents were separately listed and attested to by Hartley and notarized by Raymond J. Bloomer.

We find no error in the admission of these documents. They were all properly certified and met the statutory requirements for admission into evidence. *Graham v. State* (1982), Ind., 441 N.E.2d 1348; *Barnett v. State* (1981), Ind., 429 N.E.2d 625.

Appellant contends the trial court erred during the habitual offender phase of the proceeding by denying his motion for judgment on the evidence and motion to dismiss. Appellant has waived any error by failing to address this issue in his brief. Ind.R.App.P. 8.3(A)(7).

Appellant also argues that his two previous convictions were substance abuse offenses and thus may not be used to determine habitual offender status. Appellant's argument is without merit. In order to establish the status of habitual offender, the State must prove that defendant has been twice previously convicted and twice previously sentenced for felonies. *Craig v. State* (1985), Ind., 484 N.E.2d 566; *Clark v. State* (1985), Ind., 480 N.E.2d 555. Appellant was previously convicted and sentenced for Burglary, a Class C felony, and Theft, a Class D felony. Sufficient evidence supports the habitual criminal finding of two prior unrelated felonies committed by appellant.

Appellant finally contends there was not sufficient evidence of his identity as the person who committed the 1981 burglary and the 1981 theft to support his conviction as an habitual offender. He claims that

the introduction of photographs and finger-prints in connection with the two prior judgments is not sufficient to prove that he was the individual who committed the prior offenses.

This Court will not weigh the evidence nor judge the credibility of witnesses. *St. Mociers v. State* (1984), Ind., 459 N.E.2d 26; *Coker v. State* (1983), Ind., 455 N.E.2d 319.

■ In this case, we have found the photographs as well as the fingerprints attached to the commitment records for both prior felonies were properly admitted. The physical characteristics such as height, weight, hair color, eye color and complexion were also documented. Based upon this photographic and documentary evidence, the jury's conclusion that appellant was the same Gregory Stuart Seeglitz who had accumulated the two prior felony convictions must be sustained. *Bray v. State* (1982), Ind., 443 N.E.2d 310. To the extent the opinion in *Smith v. State* (1962), 243 Ind. 74, 181 N.E.2d 520, conflicts with this opinion, it is overruled.

The trial court is in all things affirmed.

All Justices concur.