Diane LOVE, Appellant,

v.

STATE of Indiana, Appellee.

No. 479S94.

Supreme Court of Indiana.

Sept. 4, 1979.

 

Harriette Bailey Conn, Public Defender of Indiana, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Diane Love was charged with commission of a felony while armed, to-wit: robbery, under Ind. Code (Burns 1975) § 35–12–1–1, and was found guilty by a jury on January 18, 1977. She was sentenced to a determinate period of twelve years. The only issue appellant raises in this appeal is whether the evidence is sufficient to sustain the conviction.

On September 8, 1976, Diane Love entered the apartment of James Carlton Donald, ostensibly pursuant to an arrangement made by Connie Hill for the purpose of having sexual relations with Donald for pay. Love and Hill were both prostitutes and made their living by such means. After Love entered Donald's apartment, she told him she was looking for a man named John and asked him if he knew where John lived. Shortly thereafter, James Brewer entered the apartment armed with a double-barrel sawed-off shotgun and demanded Donald's money and guns. Love told Donald to lay on the bed and to do as Brewer said. She tied Donald's hands behind his back and searched his pockets, taking his watch, wallet and money clip. She then removed a tape player from the bed and searched the bureau drawers. After covering Donald's head with the bed spread, she and Brewer left, taking items valued at $537.

Pete Pappas, who lived near the scene, saw a man and two women in a red 1967 Chevrolet proceed north in the alley behind his house with the lights turned off. According to Pappas, the man and one of the women got out of the automobile and went into the apartment building in which Donald lived. Five to seven minutes later, they returned to the car and drove away. Pappas gave police the license number of the car as 99 C 1327, and related further suspicious activities of the three occupants of the car. Later that night Indianapolis police apprehended Love driving the automobile bearing this license number.

Brewer testified that Love asked him to go to Donald's apartment to help her get money Donald owed her for previous sexual acts. According to Brewer, a fight broke out between them, so he and Love took Donald's property and left. On the other hand, Love testified that Connie Hill had arranged what she termed a "sexual liaison" between Love and Donald for that night, and that she went to his apartment for that purpose and without any intention of robbing Donald.

Donald testified that he had no arrangement with Diane Love that night. He stated that Brewer came in very shortly after Love had engaged him in conversation, and that Love was the one who tied his hands and took his watch, money and other items. Donald testified further that Love left the apartment with Brewer.

Love argues that the evidence was insufficient to convict her of robbery because she was acting under two different forms of duress: (1) an implied threat of violence from the actual perpetrator, Brewer; and (2) compulsion caused by her heroin addiction. The compulsion which will excuse a criminal act must be clear and conclusive. Such compulsion must arise without the negligence or fault of the defendant who claims this defense. Furthermore, the alternative which the defendant is faced with must be instant and imminent. Compulsion to commit a crime by threats of violence sufficient to induce a well-grounded apprehension of death or serious bodily harm in case of refusal will excuse the defendant. *Simpson v. State*, (1978) Ind., 381 N.E.2d 1229; *Ross v. State*, (1907) 169

Ind. 388, 82 N.E. 781; *Moore v. State*, (1978) Ind.App., 381 N.E.2d 523; *Hood v. State*, (1974) 160 Ind.App. 667, 313 N.E.2d 546.

Appellant's first argument is that since she entered the apartment first and Brewer entered minutes later, it is a reasonable inference that she was in fear of bodily harm from Brewer and thus under compulsion to cooperate with him. However, there is simply no evidence to support this argument. Love did not testify that she was in fear of Brewer in any way or that he forced her to take part in the robbery. Donald said that Love was the one who gave him the command to "lay on the bed . . . you won't get hurt," tied his hands, and took property from his pockets and elsewhere in the room. She came to the scene with Brewer in the red Chevrolet and was found by police with the automobile. For the jury or this Court to entertain the inference appellant would have us draw would be mere speculation.

Appellant's second contention has even less merit. She claims she was under compulsion to commit the crime—and, hence, is not criminally responsible for her acts—because she was attempting to obtain money to purchase heroin so she would not have to face withdrawal symptoms. Appellant testified that she had a heroin habit that required about $100 per day to maintain, and that she acquired this money by performing acts of prostitution. She stated she was able to obtain up to $200 per day as a prostitute. Appellant does not argue that she was under any influence that prevented her from forming the required criminal intent. *See Greider v. State*, (1979) Ind., 385 N.E.2d 424. She alleges only that she needed the money to buy heroin in order to prevent withdrawal. While such "pharmacological duress," *Castle v. United States*, (D.C.Cir.) 120 U.S.App.D.C. 398, 347 F.2d 492, *cert. denied*, 381 U.S. 929, 85 S.Ct. 1568, 14 L.Ed.2d 687 (1965), may appear to her to be a justification for taking part in this incident, it does not constitute a legal defense to the commission of a crime.

In reviewing the sufficiency of the evidence, we will neither weigh the evidence nor judge the credibility of the witnesses. We look to the evidence most favorable to the State to determine if there is substantial evidence of probative value to support the jury's verdict. *Taggart v. State*, (1979) Ind., 390 N.E.2d 657, 659; *Pollard v. State*, (1979) Ind., 388 N.E.2d 496, 501. There was ample evidence here for the jury to reach its verdict.

We affirm the judgment of the trial court.

All Justices concur.