Ralph TROXAIL, Appellant,

v.

STATE of Indiana, Appellee.

No. 481S93.

Supreme Court of Indiana.

Aug. 27, 1982.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Ralph Troxail, was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns Repl.1979), and Theft, Ind.Code § 35–43–4–2 (Burns Supp.1982), at the conclusion of a jury trial in Marion Superior Court on September 29, 1980. The defendant was given fifteen (15) years imprisonment on the burglary charge and two (2) years imprisonment on the theft charge, both sentences to be served concurrently. Troxail now appeals.

Defendant raises two issues for our consideration, concerning: 1) whether there was sufficient evidence to convict him of theft and burglary; and 2) whether the trial court erred in sentencing the defendant.

The home of Mr. and Mrs. Layman Grantham was broken into during the morning of June 27, 1980. Mrs. Grantham awoke to find a stranger staring at her. When she screamed the intruder turned and fled from the house. Mrs. Grantham's purse was found outside. Defendant was arrested and charged with the crime.

I

Defendant's first issue deals with the sufficiency of the evidence. He claims that the evidence introduced at trial was insufficient to prove that he committed the burglary and theft at the Grantham residence.

▓▓▓▓ When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Showecker v. State*, (1982) Ind., 432 N.E.2d 1340, 1342; *Willard v. State*, (1980) Ind., 400 N.E.2d 151, 160; *Love v. State*, (1979) Ind., 393 N.E.2d 178, 180.

The evidence revealed that on June 26, 1980, Mrs. Bobbyetta Grantham and her family were living at 39 North Euclid Avenue in Indianapolis. Because of the summer heat in the upstairs bedrooms, Mrs. Grantham, her husband, and three children slept downstairs. She was sleeping on a davenport next to a large window. About 4:00 a. m., in her estimation, she awoke to find a man bending over, with his face about five feet from hers. The area was lit by light coming through a slightly open curtain behind the couch and a spotlight installed in the backyard helped illuminate the house. Mrs. Grantham testified that she and the intruder stared at each other

for fifteen to thirty seconds before she fully awoke and realized that this was a stranger. She screamed and turned her head away. She then heard the front door slam and the intruder was gone. Her husband was awakened by her scream and immediately ran into the yard to try to see the man but he was gone. He did find Mrs. Grantham's purse lying on the picnic table in the backyard. Mrs. Grantham described the man as medium built, yet slim, between 5'8" and 5'10" tall. She stated he had a medium complexion, an oval face, and short hair and neatly trimmed beard. She particularly noticed his eyes.

Defendant contends that Mrs. Grantham's identification of him as the intruder was so equivocal that there was an insufficiency of evidence to prove that he was the intruder and the one who took her purse. The record reveals that after the burglary, Mrs. Grantham was shown two photographic displays by the police. On one display, she said the photo looked like the man who broke into her home although she could not be exactly certain and on the other photo display she absolutely identified the person to be the intruder. Both photos were of the defendant but the one Mrs. Grantham absolutely identified was a recent photo in which the defendant had hair length and beard similar to the style he had worn when he accosted Mrs. Grantham in her home. After the defendant was arrested, Mrs. Grantham viewed a lineup including the defendant, but was unable to identify him. She also was unable to identify him in court, although she said the defendant's eyes were the same as the intruder's, and that the defendant looked thinner than the intruder.

Defendant admitted on the stand that he fled and shaved his beard and cut his hair in order to change his appearance because he suspected the police might be looking for him and arrest him. Defendant stated that he had just recently been released from prison and he did not want to go back. He said he knew that the police had a description of him and he wanted to shave his beard and cut his hair to change his appearance to avoid arrest. He insisted, however, that he was not the person who went into Mrs. Grantham's home and took her purse.

The State also presented Kevin Lund, who testified that he had been the defendant's cellmate in the Marion County Jail. Lund testified that the defendant told him that he wanted a lineup because he was not sure whether the woman he had awakened during the burglary could identify him. Defendant told Lund that he went in, took her purse off the couch and took it outside, then went back into the house. He said the woman awoke so he left. Defendant also told Lund that the burglary took place about 3:00 a. m., and he picked this house because the air conditioner was loud and he thought that noise would cover any noise he might make. Lund also stated that Defendant asked another inmate to grow a beard and mustache so that inmate could appear in a lineup with the defendant.

■ We feel there was sufficient evidence introduced at trial to convict the defendant of the crimes. Mrs. Grantham testified that there was sufficient lighting available so she could get a look at the intruder, Defendant himself admitted that he cut his hair and shaved his beard, which could explain her uncertainty as to whether the defendant was the man who broke into her home. Defendant argues that witness Lund lied on the stand but this Court does not judge the credibility of the witnesses; that is within the province of the jury. *Lawson v. State,* (1980) Ind., 412 N.E.2d 759, 769; *Lock v. State,* (1980) Ind., 403 N.E.2d 1360, 1373. There is no merit to the defendant's argument.

II

Defendant Troxail was sentenced under Ind.Code § 35–50–2–5 (Burns Repl.1979), the sentencing statute for class B Felonies. Ind.Code § 35–4.1–4–7 (Burns Repl.1979) provides for adding to or subtracting from the statutory sentence by the use of aggravating or mitigating circumstances. The trial court added five years to defendant's ten year sentence, finding that there were aggravating circumstances to justify it un-

der § 35–4.1–4–7. Defendant claims that the trial court was not justified in doing so under the facts and that it did not give sufficient reasons for doing so.

Our rules provide that sentences will not be revised on review unless they are manifestly unreasonable in light of the nature of the offense and character of the offender. *Vacendak v. State*, (1982) Ind., 431 N.E.2d 100, 106; Ind.R.App.Rev.Sen. 2(2). In examining the record, we find that in sentencing the defendant the trial court stated that it was considering the nature and circumstances of the crime committed, the risk that the defendant will commit another crime, and the prior criminal record, character, and condition of the person. He further found that the defendant's prior criminal record constituted the aggravating circumstances that the trial court used in adding the five years to defendant's sentence. The defendant has not shown that the trial court relied on any impermissible ground in setting his sentence.

The trial court is in all things affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.