# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOEL C. WIENEKE**
Wieneke Law Office, LLC
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 25 2012, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATALIE E. MURRELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 67A01-1106-CR-251 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE PUTNAM CIRCUIT COURT**
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-1101-FC-1

**JANUARY 25, 2012**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

Defendant-Appellant Natalie E. Murrell appeals her two convictions of attempted trafficking with an inmate, one as a Class C felony and one as a Class A misdemeanor, Ind. Code § 35-44-3-9 (2009), and the sentence imposed upon those convictions. We affirm in part and remand in part.

## ISSUES

Murrell raises three issues, which we restate as:

I.    Whether the finder of fact erred by rejecting Murrell's defense of duress.

II.   Whether the penalty for Murrell's Class C felony conviction violates Article I, Section 16 of the Indiana Constitution ("the proportionality clause").

III.  Whether the case should be remanded to clarify Murrell's sentence.

## FACTS AND PROCEDURAL HISTORY

On January 1, 2011, Murrell came to the Putnamville Correctional Facility ("the prison") to visit inmate Willie Davis. Murrell is the aunt of two of Davis' children. Murrell set off security devices as she attempted to enter the prison. During questioning by a correctional officer, Murrell admitted that she had contraband on her person and turned over four cellular telephones and a bag of tobacco.

The State charged Murrell with two counts of attempted trafficking with an inmate. The Class C felony charge addressed the cellular telephones, and the Class A misdemeanor charge focused on the tobacco. The case was tried to the bench. At trial, Murrell conceded that she brought the contraband to the prison to give to Davis. She asserted a defense of duress, claiming that persons unknown to her had called her and

2

threatened her with harm if she did not deliver the contraband to Davis. The trial court determined that Murrell was guilty and subsequently sentenced her to three years on the Class C felony conviction and one year on the Class A misdemeanor conviction, with all but one hundred and eighty days suspended to probation. This appeal followed.

## DISCUSSION AND DECISION

### I. DURESS

Murrell argues that she presented sufficient evidence to support her defense of duress and that the State failed to rebut her defense. When reviewing a claim that the State has failed to present sufficient evidence to rebut a defense, we apply the same standard as to other challenges to the sufficiency of the evidence. *Gallagher v. State*, 925 N.E.2d 350, 353 (Ind. 2010). A conviction must be affirmed if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.* We consider only the probative evidence and reasonable inferences supporting the judgment. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011).

> Duress is a defense provided by statute. The governing statute provides:
>
> It is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or another person. With respect to offenses other than felonies, it is a defense that the person who engaged in the prohibited conduct was compelled to do so by force or threat of force. Compulsion under this section exists only if the force, threat, or circumstances are such as would render a person of reasonable firmness incapable of resisting the pressure.

Ind. Code § 35-41-3-8 (1977). The compulsion that will excuse a criminal act must be clear and conclusive. *Love v. State*, 271 Ind. 473, 393 N.E.2d 178, 179 (1979). Such

3

compulsion must arise without the negligence or fault of the defendant who claims this defense. *Id.* Furthermore, the alternative with which the defendant is faced must be instant and imminent. *Id.*

In this case, on December 31, 2010, Davis called Murrell and asked her to bring him cellular telephones and tobacco or his fellow inmates would stab him. Davis gave Murrell's telephone number to unidentified individuals, who called Murrell several times on that day and threatened to "have somebody mess [her] up" unless she brought contraband to the prison. Tr. p. 14. One of the individuals who had called Murrell had also promised to pay for her medicine. Pursuant to the telephone calls, Murrell met with an unknown person at a liquor store at 10:00 p.m. on December 31, 2010, and the person gave her the cellular telephones and tobacco. The next day, Murrell went to the prison and was caught as she attempted to enter.

We conclude that the trial court did not err by rejecting Murrell's defense of duress. She was threatened, but she was also promised that she would receive money for medicine in exchange for delivering the contraband. Given this evidence of a potential reward to Murrell, we cannot say that the compulsion she faced was clear and conclusive. Furthermore, even if the threats were valid, the threatened harm to Murrell's person was no longer imminent by the time she arrived at the prison. She could have contacted the police for help at any time after she received the contraband and before going to the prison the next day, and she failed to do so. Murrell's argument is a request to reweigh the evidence, which we cannot do. *See Hensley v. State*, 583 N.E.2d 758, 761 (Ind. Ct. App. 1991) (determining that the evidence did not support a defendant's defense of

4

duress where the threatened harm was not imminent; the defendant had ample time to seek help from the authorities before he left the state, thereby violating a condition of his probation). We find no error.

## II. PROPORTIONAL PENALTY

Murrell argues that her Class C felony conviction for attempted trafficking of cellular telephones to Davis is disproportionately harsh and violates the proportionality clause of the Indiana Constitution. That section provides, "All penalties shall be proportioned to the nature of the offense." Ind. Const. art. I, § 16. Our review under the proportionality clause of a legislatively-sanctioned penalty is very deferential. *State v. Moss-Dwyer*, 686 N.E.2d 109, 111 (Ind. 1997). We begin with a presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is unconstitutional. *Id.* at 112. We will not disturb the legislative determination of the appropriate penalty for criminal behavior except upon a showing of clear constitutional infirmity. *Id.* at 111-12. A legislatively-determined penalty will be deemed unconstitutional by reason of its length only if it is so severe and entirely out of proportion to the gravity of the offense committed as to shock public sentiment and violate the judgment of reasonable people. *Foreman v. State*, 865 N.E.2d 652, 655 (Ind. Ct. App. 2007), *trans. denied*.

A person who knowingly or intentionally delivers an article to an inmate without prior authorization from a prison official commits a Class A misdemeanor. Ind. Code § 35-44-3-9. However, the offense is elevated to a Class C felony if the article in question is a controlled substance, a deadly weapon, or "a cellular telephone or other wireless or

5

cellular communications device." *Id.* At the time Murrell committed her crimes, the advisory sentence for a Class C felony was four years, with a minimum of two years and a maximum of eight years. Ind. Code § 35-50-2-6 (2005).

Murrell's proportionality claim has two aspects. First, she argues that assigning Class C felony status to trafficking in cellular telephones as well as to trafficking in controlled substances and deadly weapons is disproportionate because "cellular telephones are inherently benign. They can be used to facilitate nefarious acts, but unlike deadly weapons and controlled substances, they do not pose any inherent danger." Appellant's Br. pp. 4-5. Thus, because cellular telephones are not as dangerous as weapons or controlled substances, Murrell contends, it is constitutionally inappropriate to impose the same penalty for those items.

We find this Court's opinion in *Foreman* to be instructive. In that case, Foreman was convicted of disclosure of confidential information relating to the lottery, a Class A felony. On appeal, Foreman argued that his crime should not have been punished as a Class A felony because the penalty range was not proportional to the nature of the offense. Specifically, Foreman contended that his crime was not a threat to public safety like other Class A felonies, including crimes of violence or drug trafficking. This Court disagreed, noting that Foreman's disclosure of confidential lottery information had the potential to undermine public confidence in the lottery and to hinder the generation of revenue for the state. Furthermore, such a crime is difficult to detect, which justifies a higher penalty for the sake of deterrence. Based upon these considerations, this Court

concluded that the penalty imposed upon Foreman was not disproportionate even though his crime was dissimilar to other Class A felony offenses. *Foreman*, 865 N.E.2d at 659.

Here, we cannot conclude that Murrell's Class C felony conviction for attempting to provide cellular telephones to an inmate violates the proportionality clause. The presence of cellular telephones in a prison undermines discipline and can facilitate other misconduct. Furthermore, inmates with cellular telephones can direct criminal activity from behind bars, thereby defeating the purpose of removing convicted criminals from society to serve their sentences. *See United States v. Byers*, 649 F.3d 197, 203 (4th Cir. 2011) (affirming the convictions of an incarcerated individual who had used a contraband cellular telephone to arrange the murder of a witness against him in a pending case), *cert. denied*, 132 S.Ct. 468 (2011). Based on these considerations, we cannot conclude that Murrell's punishment for a Class C felony is disproportionate merely because trafficking in cellular telephones is treated similarly to trafficking in controlled substances and weapons. *See Foreman*, 865 N.E.2d at 659.

Next, Murrell contends that her punishment violates the proportionality clause because she is being punished much more severely for trafficking in cellular telephones than an inmate would be punished for possessing a cellular telephone. Murrell notes that an inmate who possesses a cellular telephone in a county jail is guilty of a Class A misdemeanor, Ind. Code § 35-44-3-9.6 (2010), but no statute directly addresses inmates at state prisons who possess cellular telephones. Thus, she contends, her Class C felony conviction is unconstitutional because inmates who would use the telephones for criminal ends are punished less severely than the people who merely bring them to the prison. We

7

disagree.  It would be difficult, if not impossible, for an incarcerated person to possess a cellular telephone if a visitor did not bring one into the prison.  Therefore, the legislature could have reasonably decided it is easier to deter contraband by punishing most harshly those who attempt to bring contraband into a prison.  We cannot conclude that punishing Murrell for trafficking in cellular telephones more severely than an inmate would be punished for possessing the same item is so severe and entirely out of proportion to the gravity of the offense committed as to shock public sentiment and violate the judgment of reasonable people.  Therefore, Murrell's proportionality clause claim is without merit.

### III.  SENTENCING

Murrell notes that at her sentencing hearing, the trial court stated that the sentences for her Class C felony conviction and her Class A misdemeanor conviction would be served concurrently, but in the final order, the trial court ordered her to serve her sentences consecutively.  Murrell contends that we should instruct the trial court to clarify that her sentences are to be served concurrently.  The State agrees that the case should be remanded for clarification but does not express an opinion as to whether concurrent or consecutive sentences are appropriate.

The approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court.  *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007).  Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court.  *Id.*  This Court

has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.*

In this case, neither the trial court's oral sentencing statement nor the written sentencing order identifies any grounds that would support the imposition of consecutive sentences. In the absence of such grounds, the trial court's oral statement ordering Murrell to serve concurrent sentences is more appropriate. Consequently, we remand with instructions for the trial court to correct its written sentencing order to impose concurrent sentences upon Murrell's convictions.

CONCLUSION

We affirm Murrell's convictions but remand for correction of her sentence.

Affirmed in part and remanded in part.

NAJAM, J., and BROWN, J., concur.