**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 20 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-429 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49G17-1201-FD-5895

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Anthony G. Anderson (Anderson), appeals his sentence for battery, a Class D felony, I.C. § 35-42-2-1, and invasion of privacy, a Class D felony, I.C. § 35-46-1-15.1.

We remand with instructions.

## ISSUE

Anderson raises one issue on appeal, which we restate as follows: Whether his abstract of judgment and chronological case summary (CCS) contain clerical errors.

## FACTS AND PROCEDURAL HISTORY

On January 31, 2012, the State filed an Information charging Anderson with Count I, domestic battery, a Class A misdemeanor, I.C. § 35-42-2-1.3; Count II, battery, a Class D felony, I.C. § 35-42-2-1, a Class A misdemeanor; Count III, invasion of privacy, a Class A misdemeanor, I.C. § 35-46-1-15.1; and Count IV, interference with reporting a crime, a Class A misdemeanor, I.C. § 35-45-2-5. Anderson waived his right to a jury trial, and on April 16, 2012, a bench trial was held. The trial court granted Anderson's motion for an involuntary dismissal of Count I, and at the conclusion of the presentation of evidence the trial court found Anderson not guilty of Count IV but guilty of Counts II and III. On April 30, 2012, the trial court held a sentencing hearing, enhanced both Counts to Class D felonies, and sentenced Anderson to two years on each Count to run concurrent.

Anderson now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Anderson argues on appeal that there are clerical errors in his abstract of judgment and CCS and that the trial court intended him to serve his sentences for Counts II and III concurrently rather than consecutively. In support of his argument, he quotes the trial court's oral sentencing statement:

> So his . . . criminal history and I'll give my sentencing statement, is that he was . . . he has had five felony convictions, seven misdemeanor convictions. He's been on the benefit of probation [on] five occasions and was revoked on all five. He's also had a [e]scape conviction and he's never been granted AMS so with that, [Counts II and III] are enhanced to [] D felon[ies]. I will run them concurrent and I will give him two years executed at the [Department of Correction (DOC)] in both matters and no probation. . . . 63 plus 63 credit days so 730 days minus 126 . . . 604. He gets two for one . . . divide it by two equals . . . he's got 302 actual days left to do in the DOC.

(Transcript pp. 35-36). In contrast, Anderson's abstract of judgment and CCS show the sentences as running consecutively.

Where, as here, an oral and written sentencing statement conflict, we will examine both statements to discern the findings of the trial court. *Murrell v. State,* 960 N.E.2d 854, 860 (Ind. Ct. App. 2012). We will not presume the superior accuracy of the oral statement, but we have the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.*

It is clear here that the trial court intended Anderson to serve his sentences concurrently. In its oral sentencing statement, the trial court explicitly stated "I will run them concurrent" and then calculated the number of days that Anderson would serve. The trial court's total—302 days—is consistent with concurrent sentences of two years,

3

adjusted for "good time" credit and time served. Accordingly, we conclude that the references to consecutive sentences in the abstract of judgment and CCS are clerical errors, and we remand to the trial court with instructions to fix the errors.

CONCLUSION

Based on the foregoing, we conclude that Anderson's abstract of judgment and chronological case summary contain clerical errors. We remand to the trial court to rectify these errors in line with this decision.

Remanded with instructions.

BAKER, J. and BARNES, J. concur