**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 05 2014, 9:10 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY W. McGRIFF, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1312-CR-1014 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1212-FB-26

**September 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Anthony W. McGriff appeals his eight-year sentence for Class B felony burglary.[1]  He asserts the Wells County Court abused its discretion by ordering his sentence to run consecutive to his sentences for two Class B felony burglaries in other counties.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 16, 2012, McGriff, Stephanie McGriff (Stephanie), and Jeffrey Sower (Jeffrey) burglarized the home of Donald Lloyd in Wells County.  The vehicle used in the burglary -- owned by Judith Sower (Judith) -- was linked to a series of robberies in nearby counties.  Grant County law enforcement officers obtained a warrant and began tracking the vehicle.  On December 7, they tracked the vehicle to a house in Blackford County and confirmed that someone had forcibly entered the house.  After the vehicle left that house, officers stopped it and arrested those found inside: McGriff, Stephanie, Jeffrey, and Judith.

McGriff pled guilty to two burglaries in Grant County, which he committed on November 13, 2012; one in Wells County, which he committed on November 16; and one in Blackford County, which he committed on December 7, the day he was arrested.  On July 1, 2013, the Blackford Circuit Court sentenced him to twenty years in the Department of Correction (DOC) with ten years suspended to probation and ordered the sentence served "[c]oncurrent to Wells Co. (90C01-1212-FB-26) and Grant Co. (27C01-1301-FB-3)."  (App. at 273.)  On October 4, 2013, the Grant Circuit Court sentenced him to twelve years in the DOC with two years suspended to probation and ordered the sentence served "[c]oncurrent to Blackford County."  (*Id.*)  On November 6, the Wells Circuit Court sentenced McGriff to

---

[1] Ind. Code § 35-43-2-1(1)(B) (2012).

eight years in the DOC and ordered him to serve that time consecutive to his sentences from Blackford County and Grant County.

## DISCUSSION AND DECISION

Whether to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009). A single aggravating circumstance may support the imposition of consecutive sentences. *Id.* The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances. *Id.*

The Wells County Court did not abuse its discretion when it sentenced McGriff to serve his Wells County sentence consecutive to his concurrent sentences from Blackford County and Grant County. Indiana law states:

> [T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
> (1) aggravating circumstances . . . and
> (2) mitigating circumstances . . .
> in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, *except for crimes of violence*, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind. Code § 35-50-1-2(c) (emphasis added). Pursuant to this statute, the trial court has discretion to order sentences served consecutively even if the sentences are not imposed at the same time. Therefore, the trial court had the authority to impose consecutive sentences.

3

Nevertheless, McGriff alleges two reasons why the Wells County Court's order that he serve the sentences consecutive was an abuse of its discretion.

      1.     <u>Conflicting Sentencing Orders</u>

McGriff first argues that, because the Blackford Circuit Court ordered its sentence served concurrent to all the other burglary sentences, the Wells Circuit Court could not order its sentence served consecutive to the sentence from Blackford Circuit Court. We disagree.

McGriff cites *Murrell v. State*, 960 N.E.2d 854, 859-60 (Ind. Ct. App. 2012), for his premise that when sentencing orders conflict, remand is appropriate. His reliance on *Murrell* is misplaced. In *Murrell*, one court entered conflicting oral and written sentencing statements in the same case. We remanded so the trial court could correct the sentencing order. *Id.* at 860. McGriff's situation is distinguishable because two courts from different counties entered sentencing orders, each regarding the case that was before it. Thus, *Murrell* does not control.

Whether to impose consecutive or concurrent sentences is entirely at the discretion of the trial judge. *Bryant v. State*, 841 N.E.2d 1154, 1157 (Ind. 2006). If one court could order another court of the same level to mandate its sentence be served concurrently, then that discretion would be taken away. The Blackford Circuit Court could not direct the Wells Circuit Court how to sentence McGriff because a circuit court has no jurisdiction beyond the limits of the county in which it is seated. *See Sherry v. Winston*, 1 Ind. 96, 98-9 (1848) ("A Circuit Court is a county Court only, whose jurisdiction is limited, generally, by the bounds of the county. It can issue no process, whether mesne or final, to any other county[.]")

4

Therefore, McGriff has not demonstrated Wells County abused its discretion when ordering its sentence to be served consecutive to the sentences from the other two counties.

2.    Sentences Exceeding Statutory Maximum

Next, McGriff argues if his sentence in Wells County is to be served consecutive to the others, it would exceed the maximum permitted by Ind. Code § 35-5-1-2(c) because his burglary is not a "crime of violence." He is incorrect: "Burglary as a Class A felony or a Class B felony" is a "crime of violence." Ind. Code § 35-50-1-2(a)(13) (2012). Therefore, the order that his sentences be served consecutively does not violate Ind. Code § 35-5-1-2(c).[2]

**CONCLUSION**

The trial court did not abuse its discretion in ordering McGriff's sentence in Wells County to be served consecutive to his sentences in Blackford and Grant Counties. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.

---

[2] McGriff also argues these burglaries are a single episode of conduct and thus his sentence cannot exceed the statutory maximum. As Class B felony burglary is a crime of violence, we need not address this argument.

5