## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2015, 9:53 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark Small<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Katherine Modesitt Cooper<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Herbert Sheese<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 19, 2015<br><br>Court of Appeals Case No.<br>84A01-1405-CR-195<br><br>Appeal from the Vigo Superior Court 5<br>The Honorable Michael Rader, Judge<br>Cause No. 84D05-1301-FA-208 |

**Friedlander, Judge.**

[1] Herbert Sheese appeals his convictions of two counts of class A felony Child Molesting,[1] as well as the sentence imposed by the trial court. Sheese raises the following issues for our review:

1. Did the trial court abuse its discretion in admitting into evidence the counseling records of one of the victims?

2. Did the State present sufficient evidence to support the convictions?

3. Did the trial court abuse its discretion in sentencing Sheese?

[2] We affirm.

[3] In 1991, Sheese moved in with T.S. and her two sons from a previous relationship, W. and D. D. was approximately seven years old at the time. Sheese and T.S. married in 1994 and their daughter, K., was born in 1997.

[4] Sheese repeatedly sexually and physically abused D. over a number of years. The first incident of sexual abuse occurred when D. interrupted an adults-only New Year's Eve party in 1991. After Sheese and T.S. took D. home, Sheese said that D. had ruined his night and that he was going to make him "suck his cock." *Transcript* at 335. Sheese then began touching himself and D., and T.S. pulled Sheese off of D. T.S. did not report this incident to the authorities. Over the course of the next several years, Sheese repeatedly made D. perform oral

---

[1] Ind. Code Ann. § 35-42-4-2 (West, Westlaw 2013). Effective July 1, 2014, this offense has been reclassified as a Level 1 felony. *See* I.C. § 35-42-4-3 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Because these offenses were committed prior to that date, they retain the former classification.

sex on him. By the time D. was thirteen years old, Sheese was also forcing him to engage in anal sex. D. told T.S. about the sexual abuse, but she refused to believe him and claimed that he was trying to break up her family. On other occasions, D. told his aunts and uncles and a counselor about the sexual abuse. Although there was at one time a Department of Child Services investigation into Sheese's physical abuse of D., no one ever reported the sexual abuse. Each time Sheese learned that D. made allegations of sexual abuse against him, Sheese would beat D. Eventually, D. stopped talking about the abuse. D. first moved out of the family home at fifteen years old, and he left permanently at seventeen or eighteen years old. D. later attempted suicide multiple times.

[5] Starting when K. was just a few months old, Sheese regularly threatened T.S. that if she would not have sex with him, he would have sex with K. K.'s first recollection of being sexually abused by her father is of him licking her vagina when she was five years old. K. also recalled walking in on her father having anal sex with D. on one occasion when she was very young. Sheese licked K.'s vagina and made K. touch his penis with her hands "[o]n a daily basis." *Id.* at 223. Once when K. was eleven years old, Sheese inserted his finger into her vagina, causing her to bleed. K. did not tell anyone about the abuse because she loved her father and she was afraid that her parents would go to jail and she would go to foster care. Sheese stopped sexually abusing K. when she was in fifth grade after she learned about sexual abuse and good and bad touches at school. After Sheese stopped molesting K., he began physically abusing her. K. told her mother about the sexual abuse in 2011, but T.S. again failed to

report the matter to the Department of Child Services. Sheese and T.S. divorced in 2012.

In 2012, at fifteen years old, K. attempted suicide by taking an overdose of several different medications. During her inpatient treatment following the suicide attempt, K. disclosed her father's abuse to clinical staff and the matter was reported to the Department of Child Services. A criminal investigation ensued and culminated in the State charging Sheese with two counts of class A felony child molesting, with one count relating to his abuse of D. and another relating to his abuse of K. After a two-day jury trial, Sheese was found guilty as charged. On April 28, 2014, the trial court imposed consecutive sentences of thirty and forty-five years on each count, resulting in an aggregate executed sentence of seventy-five years. Sheese now appeals.

1.

Sheese first argues that the trial court abused its discretion by admitting K.'s counseling records into evidence. The decision to admit or exclude evidence lies within the trial court's sound discretion. *Filice v. State*, 886 N.E.2d 24 (Ind. Ct. App. 2008), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Dixon v. State*, 967 N.E.2d 1090 (Ind. Ct. App. 2012). We will not reverse absent a showing of manifest abuse of discretion resulting in the denial of a fair trial. *Johnson v. State*, 831 N.E.2d 163 (Ind. Ct. App. 2005), *trans. denied*. Moreover, even if the trial court abuses its discretion in admitting

evidence, we will leave the judgment undisturbed if the error was harmless. *Granger v. State*, 946 N.E.2d 1209 (Ind. Ct. App. 2011). An error in the admission of evidence is harmless "when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Id.* at 1213 (quoting *Lafayette v. State*, 917 N.E.2d 660, 666 (Ind. 2009)). In other words, we will reverse "only if the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict." *Id*. (quoting *Wales v. State*, 768 N.E.2d 513, 521 (Ind. Ct. App. 2002), *trans. denied*).

[8] Sheese argues that K.'s counseling records were inadmissible because they were irrelevant and unfairly prejudicial. Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the determination of an action more or less probable than it would be without the evidence. Ind. Evidence Rule 401. As a general matter, relevant evidence is admissible, and irrelevant evidence is not. Ind. Evidence Rule 402. A trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of, among other things, unfair prejudice. Ind. Evidence Rule 403. "The danger of unfair prejudicial impact arises from the potential for a jury to substantially overestimate the value of the evidence, or its potential to arouse or inflame the passions or sympathies of the jury." *Wages v. State*, 863 N.E.2d 408, 412 (Ind. Ct. App. 2007), *trans. denied*.

[9]     Sheese argues that the counseling records were irrelevant because K.'s emotional state is not relevant to the elements of the offense. We disagree. K.'s counseling records corroborate her testimony that she attempted suicide because she felt that she could no longer cope with the traumatic effects of her father's sexual abuse. The records also contain references to K.'s statements to clinical staff concerning the abuse. The counseling records are therefore clearly relevant.

[10]    Nor can we agree that the records were unfairly prejudicial. The records are in large part composed of mundane administrative forms and day-to-day records of K.'s behavior and appearance while in treatment. Although these portions of the records are not particularly probative, they also pose little threat of unfair prejudice. As to the portions of the records specifically referencing K.'s disclosures and discussions of Sheese's sexual abuse, the probative value of the records is much higher. The risk of unfair prejudice, however, remains low because the information is merely cumulative of the testimony of K. and T.S. concerning Sheese's sexual abuse of K., K.'s resulting suicide attempt, and K.'s disclosure of the abuse to her mother. In any event, even if the admission of the records was improper, the error was harmless because portions of the records were cumulative of other properly admitted evidence, and the remainder was unlikely to have contributed to the verdict. *See Bryant v. State*, 802 N.E.2d 486 (Ind. Ct. App. 2004) (noting that erroneously admitted evidence that is merely cumulative of other evidence in the record is harmless and not grounds for

reversal), *trans. denied*. The trial court's admission of K.'s counseling records was not reversible error.

2.

Next, Sheese argues that the State presented insufficient evidence to support his convictions. Specifically, he argues that the testimony of both D. and K. should be disregarded as incredibly dubious. The standard of review for sufficiency claims is well settled; this court will neither reweigh the evidence nor judge the credibility of witnesses. *Jackson v. State*, 925 N.E.2d 369 (Ind. 2010). Rather, we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Alvies v. State*, 905 N.E.2d 57 (Ind. Ct. App. 2009). The uncorroborated testimony of a single witness is sufficient to support a conviction, even where the witness in question is the victim. *Ferrell v. State*, 565 N.E.2d 1070 (Ind. 1991).

The doctrine of incredible dubiosity, however, allows a reviewing court to reevaluate the credibility of a witness when "a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence." *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). "Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Id.* The rule does not apply when testimony is corroborated by additional witnesses or circumstantial evidence. *Thompson v. State*, 765 N.E.2d 1273 (Ind. 2002).

[13]     Sheese argues that neither D. nor K. can be believed because they never made any allegations against Sheese until years after the abuse occurred. At least with respect to D., the assertion is unsupported by the record. D. testified that when he was still a child, he told his mother, his aunts and uncles, and a counselor about the abuse. Despite this, nothing was done to protect D. Sheese beat D. when he found out he had told, leading D. to eventually stop seeking help. Although K. waited until she was considerably older to disclose the abuse, as Heather Anderson of the Department of Child Services testified, it is not at all unusual for victims of child molestation to delay reporting their abuse. Indeed, K. testified that she did not tell anyone about the abuse right away because she loved her father and feared that both of her parents would go to jail and she would go to foster care. She was also afraid of Sheese due to his physical abuse. The delayed reporting and prosecution of Sheese's sexual abuse of D. and K. does not render their testimonies incredibly dubious.

[14]     Sheese also suggests that the testimonies of D. and K. are not worthy of credit because during the time period they were being abused, they came into contact with many authority figures who were legally obligated to report child abuse, such as doctors, police officers, teachers, and counselors,[2] yet no reports of

---

[2] We note that the duty to report child abuse is not limited to the officials and professionals listed here. Pursuant to Ind. Code Ann. § 31-33-5-1 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly), any individual who has reason to believe that a child is a victim of child abuse or neglect is obligated to make a report. Failure to do so is a class B misdemeanor. I.C. § 31-33-22-1 (West. Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).

abuse were made. Both D. and K. testified that they did not tell most of these individuals about the abuse. Moreover, to the extent that some adults were aware of the abuse, it is unfortunately true that mandatory reporters of child abuse do not always fulfill their legal obligations. Indeed, Detective Sanford Scott of the Terre Haute Police Department testified that when abuse happens within a family unit, individuals who suspect or become aware of it are often hesitant to report, and people often want to address the issue within the family. Anderson testified that child abuse is not always reported because people do not want to get involved in what they view as others' family issues. The testimonies of D. and K. were far from incredibly dubious, and they were certainly sufficient to support Sheese's convictions. Sheese's arguments to the contrary are nothing more than requests to reweigh the evidence and judge the credibility of witnesses.

3.

Finally, Sheese argues that the trial court abused its discretion in imposing consecutive sentences.[3] The decision of whether to impose consecutive or concurrent sentences lies within the trial court's sound discretion and is

---

[3] At times, Sheese couches his sentencing argument in terms of whether his sentence was inappropriate under Ind. Appellate Rule 7(B). He does not, however, make any attempt to apply the standard set forth in that rule. Instead, he focuses solely on whether the trial court identified sufficient aggravating circumstances to warrant the imposition of consecutive sentences. Accordingly, any argument under Ind. App. R. 7(B) is waived for lack of cogency. *See Perry v. State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010) (noting that "[i]t is well-established that a failure to make a cogent argument regarding the nature of the defendant's character results in waiver of the defendant's appropriateness claim").

reviewed only for an abuse of that discretion. *McGriff v. State*, 20 N.E.3d 156 (Ind. Ct. App. 2014), *trans. denied*. "A single aggravating circumstance may support the imposition of consecutive sentences." *Id.* at 157.

[16] In its oral and written sentencing statements, the trial court identified multiple aggravating circumstances. *See Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012) (explaining that in reviewing a sentencing statement, we look to both the trial court's written and oral statements). Among them were that Sheese abused a position of trust, K. was only five years old when the sexual abuse began, and Sheese committed his crimes against two separate victims.[4] Sheese's molestation of multiple victims standing alone is sufficient to justify consecutive sentences. *See Gilliam v. State*, 901 N.E.2d 72 (Ind. Ct. App. 2009) (noting that the presence of multiple victims may justify the imposition of consecutive sentences). The trial court did not abuse its discretion in imposing consecutive sentences.

[17] Judgment affirmed.

Kirsch, J., and Crone, J., concur.

---

[4] Additionally, Sheese also devotes a single sentence to his argument that the trial court's finding that a lesser sentence would depreciate the seriousness of the crime was an improper aggravating circumstance. Assuming *arguendo* that this was an improper aggravating circumstances under the circumstances of this case, remand is not warranted because we can say with confidence that the trial court would have imposed the same sentence had it not considered it. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (explaining that if a trial court abuses its sentencing discretion, remand for resentencing is required "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record").