## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 13 2015, 8:05 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Marce Gonzalez, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Craig Leonard Strand,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 13, 2015

Court of Appeals Case No.
45A03-1410-CR-370

Appeal from the Lake Superior Court

The Honorable Salvador Vasquez, Judge

Cause No. 45G01-1305-FC-59

**Najam, Judge.**

## Statement of the Case

Craig Strand appeals his conviction for battery resulting in bodily injury, as a Class D felony. Strand presents one issue for our review, namely, whether the State presented sufficient evidence to negate Strand's claim of self-defense.

We affirm.

## Facts and Procedural History[1]

In May 2013, Officer Curtis Minchuk, a police officer with the Merrillville Police Department, also worked private security at the Merrillville Planned Parenthood Clinic ("the Clinic"). While working private security, Officer Minchuk wore his police uniform and drove a marked police car.

On May 20, 2013, Officer Minchuk arrived at the Clinic to relieve Officer Michael Bunnell, who also worked private security at the Clinic. Upon his arrival, Officer Minchuk observed a semi-truck, driven by Strand, parked in the Clinic parking lot in violation of a town ordinance.[2] Officer Minchuk and Officer Bunnell approached the truck and knocked on the cab door but received no response. Officer Minchuk spoke to some of the Clinic's staff, but no one

---

[1] The statement of facts contained in Strand's appellate brief fails to comply with Appellate Rule 46(A)(6)(b). Strand does not present the facts "in accordance with the standard of review appropriate to the judgment," and, accordingly, we strike his statement of facts. *See id.*

[2] *See* Merrillville Code § 12-86.

was able to tell Officer Minchuk anything about the truck. Officer Minchuk wrote citations for parking on private property and for a load limit violation.

[5] Over an hour later, Officer Minchuk returned to the semi-truck. By that time, Strand had returned to the vehicle. Strand asked why he had received the citations, and Officer Minchuk explained why he had written them. Strand appeared to be agitated. Officer Minchuk explained that Strand could contest the tickets in court and informed Strand that he needed to leave the property. Officer Minchuk then drove away from Strand but parked where he could still see Stand and his truck.

[6] Officer Minchuk observed Strand walk back to his truck with his cell phone in his hand. He waited three to five minutes, but Strand made no attempt to move his truck. Officer Minchuk drove back to Strand's truck and again instructed him to leave. Strand again appeared agitated, and he stated he would not leave. Officer Minchuk then demanded Strand's identification, but he refused that command.

[7] At this time, Officer Minchuk notified Strand that he was under arrest for refusing to provide identification. Strand backed away from Officer Minchuk and said, "No, I'm not." Tr. at 89. Officer Minchuk grabbed Strand's right arm. Strand hit Officer Minchuk in the chest. As Officer Minchuk fell backward, he grabbed Strand's shirt, which tore. Strand punched the officer in the mouth and continued to punch him in the face. Officer Minchuk fell to the ground, and Strand sat on top of Officer Minchuk and continued to punch him

in the face with both hands. Eventually Officer Minchuk was able to push Strand away from him. Strand then came back towards Officer Minchuk. At that time, Officer Minchuk unholstered his gun and shot Strand one time. Officer Minchuk suffered bruising and swelling to his face as well as cuts to his arms and legs.

[8] On May 22, 2013, the State charged Strand with disarming a law enforcement officer, as a Class C felony; battery resulting in bodily injury, as a Class D felony; and resisting law enforcement, as a Class D felony. The court held Strand's jury trial on August 11 through August 14, 2014. At trial, Strand argued that he acted in self-defense when he struck Officer Minchuk. At the conclusion of his trial, the jury found Strand not guilty of disarming a law enforcement officer and resisting law enforcement, but the jury found Strand guilty of battery resulting in bodily injury, as a Class D felony. The trial court sentenced Strand to twenty months executed in the Indiana Department of Correction. This appeal ensued.

## Discussion and Decision

[9] Strand contends that the State failed to disprove his claim of self-defense beyond a reasonable doubt. We apply the same standard of review to challenges of sufficiency of the evidence for a claim of self-defense as we do to other challenges of sufficiency of the evidence. *Murrell v. State*, 960 N.E.2d 854, 857 (Ind. Ct. App. 2012). Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[10] To prove that Strand committed battery, as a Class D felony, the State had the burden to show that Strand "knowingly or intentionally touche[d]" Officer Minchuk in a "rude, insolent, or angry manner," which resulted in bodily injury to Officer Minchuk while Officer Minchuk was "engaged in the execution of . . . [his] official duty." Ind. Code § 35-42-2-1. At trial, Strand defended against the battery charge by arguing that he struck Officer Minchuk, a public servant, in self-defense. In this regard, Indiana Code Section 35-41-3-2 provides:

(i) A person is justified in using reasonable force against a public servant if the person reasonably believes the force is necessary to:

(1) protect the person or a third person from what the person *reasonably believes* to be the imminent use of unlawful force.

(Emphasis added.) We now apply that statute here.[3]

[11] Although Officer Minchuk was off duty and working in his capacity as a private security guard, he was necessarily a public servant acting in his official capacity when he confronted Strand. *See* I.C. 35-31.5-2-185(a)(1); *Cupello v. State*, 27 N.E.3d 1122, 1127-28 (Ind. Ct. App. 2015). Specifically, the evidence presented at Strand's trial demonstrated that Officer Minchuk acted in response to an ordinance violation, namely, that Strand had parked his truck in the Clinic's parking lot. Further, Strand had an objective basis to determine that the officer was acting in his official capacity and not in a private capacity because Officer Minchuk wore his official uniform, drove a marked police car, and informed Strand that Officer Minchuk was enforcing a local ordinance. *See Cupello*, 27 N.E.3d at 1127.

[12] Despite Officer Minchuk's instruction for Stand to remove his vehicle, Strand refused to move it and remained in violation of the ordinance. At this point, Officer Minchuk asked Strand for identification, which Strand refused to provide. Strand's refusal to provide Officer Minchuck with identification when stopped for an ordinance violation was a crime. *See* I.C. § 34-28-5-3.5.

---

[3] Both Strand and the State rely on self-defense cases that predate the amendments to Indiana Code Section 35-41-3-2. Thus, they dispute whether Strand "1) was in a place where he had a right to be; 2) . . . was without fault; and 3) . . . had a reasonable fear of apprehension of bodily harm." Appellant's Br. at 7. However, the statute supercedes our case law on the question of what the elements of self-defense against a public servant are. *See Cupello v. State*, 27. N.E.3d 1122, 1127 (Ind. Ct. App. 2015). Thus, we consider the statute's requirements alone.

Consequently, Officer Minchuk moved to arrest Strand. In response, Strand hit Officer Minchuk in the chest followed by repeated punches to Officer Minchuk's face.

[13] In order for Strand to succeed on a claim of self-defense he needed to demonstrate a "reasonabl[e] belie[f]" that he had been placed in danger by Officer Minchuk's "imminent use of unlawful force." I.C. 35-41-3-2(i)(1). Under these circumstances, however, a reasonable jury could find that an objective person would not have a reasonable belief that Officer Minchuk's arrest was an unlawful act by a public servant or that Officer Minchuk exerted unlawful force in executing the arrest. Strand's argument on appeal is merely a request to reweigh the evidence, which we cannot not do.

[14] Affirmed.

Baker, J., and Friedlander, J., concur.