## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
08/22/2017, 11:00 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle Yoquelet,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 22, 2017

Court of Appeals Case No.
57A03-1611-CR-2550

Appeal from the Noble Superior
Court.
The Honorable Michael J. Kramer,
Judge.
Trial Court Cause No.
57D02-1507-CM-492

## Friedlander, Senior Judge

[1] Kyle Yoquelet appeals from the trial court's sentencing order, contending it
violates the terms of his plea agreement. The State agrees. We reverse and
remand with instructions.

[2]     Yoquelet entered into an oral plea agreement which provided that he would plead guilty to one count of driving while suspended,[1] a Class A misdemeanor, and one count of carrying a handgun without a license,[2] a Class A misdemeanor, in exchange for the dismissal of other counts. The State and Yoquelet, who was pro se, agreed to a sentence of one year on each count with all but 180 days suspended to probation.

[3]     During the sentencing hearing, the State acknowledged the 180-day cap on the executed portion of Yoquelet's sentence and that the sentences were to be served concurrently, but consecutively to any sentence he should receive on pending charges against him in two other counties. The trial court stated the following at the sentencing hearing:

> Okay I will sentence you in each count to uh, three hundred sixty-five (365) days a[sic] I'll suspend all of that except for one hundred and eight[sic] days to be served without any credit for time served and I will place you on probation for one hundred and eighty (180) days under standard terms one (1) through fourteen (14). I'll also order that uh, that there be a fine of one hundred (100) dollars in each count and court cost[s] of one hundred and eighty three (183) dollars and fifty (59) cents in count one (1) and I'll waive the court costs in count 2 and I'll just put a due date for those of June 1st of next year. This sentence is, they are concurrent with each other but consecutive to your other sentences out of Steuben and DeKalb.

---

[1] Ind. Code § 9-24-19-2 (2012).

[2] Ind. Code § 35-47-2-1(a) (2014).

Tr. pp. 15-16.

[4] The trial court's written sentencing order, however, imposed a sentence on Count I of 365 days and 185 days suspended, to be served consecutively to all other *cases* and placed Yoquelet on probation for 180 days. The trial court imposed a sentence on Count II using identical language. Per the trial court's written order, which conflicted with its statement at the hearing, Yoquelet was to serve the sentences for these two counts consecutively, not concurrently, and consecutively to his sentences in other counties.

[5] Here, though acknowledging the disparity between the trial court's two statements, the State would prefer that we credit the trial court's oral sentencing statement as more accurate and affirm the trial court's sentencing order. Citing *Murrell v. State*, 960 N.E.2d 854 (Ind. Ct. App. 2012), Yoquelet agrees that the oral sentencing statement is accurate, but requests a remand to the trial court to correct or clarify its written sentencing order to reflect that the sentences from Noble County should be served concurrently with each other, but consecutively to sentences from other counties. In *Murrell*, the oral sentencing statement imposing concurrent sentences differed from the written sentencing statement imposing consecutive sentences. We remanded with instructions for the trial court to correct its written sentencing order. The same approach should be used here.

[6]     We reverse the trial court's written sentencing order and remand with instructions that the trial court correct and clarify its written sentencing order consistent with its oral sentencing statement and this opinion.

[7]     Reversed and remanded with instructions.


Bailey, J., and Pyle, J., concur.